ELLA McMAHAN v. CARRIE J. NORICK.

(Filed July 18, 1902.)

1. CONTINUANCE—Not Error to Refuse, When. It is the settled law of this court that an application for a continuance is addressed to the sound discretion of the trial court, and that the granting or refusing to grant a continuance will not be regarded as reversible error by this court unless it clearly appears that there was an abuse of discretion.

2. SAME—When May be Had. Our Civil Code provides that the court may, for good cause shown, continue an action, at any stage of the proceedings, upon such terms as may be just.

3. SAME—Error to Refuse, When. Where an application for a continuance is made on the ground of the absence of a party to the action, and it is shown by the affidavit of such party's physician that she is unable to attend the trial on account of serious sickness, and such affidavit of the physician is corroborated by the attorney for the party setting forth in such affidavit that the party is a material witness in her own behalf, and that her presence is necessary for the purpose of assisting counsel to properly present her cause, and it appearing that such application for a continuance was made in good faith, and not for the purpose of vexation or delay, but that justice may be done, Held, to be an abuse of discretion to deny the application for a continuance which will require a reversal of the cause.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before John L. McAtee, Trial Judge.*

*Blanding & Sturgis* for plaintiff in error.

*C. J. West,* for defendant in error.

Reversed and remanded.

Opinion of the court by

HAINER, J.: This was an action for divorce brought by John W. Norick against Carrie J. Norick in the district court of Garfield county. The defendant Carrie J. Norick, filed an answer and cross-petition alleging several grounds of divorce, and in which case she also made the plaintiff in error, Ella McMahan, a party to the action, alleging that the said Ella McMahan held the title to certain real estate in the city of Enid in trust for the plaintiff, John W. Norick, and that said property had been conveyed to the plaintiff in error without consideration, and in fraud of the rights of the defendant in error. The plaintiff in error, in answer to the cross-petition of the defendant in error, alleged that said property was conveyed to her for a valuable consideration, and in satisfaction of an indebtedness, which was due her from the plaintiff and further denied each and all the material allegations in defendant's cross-petition so far as they related to her. Upon the issues thus framed the cause was tried by the court and judgment rendered in favor of the defendant in error upon her answer and cross-petition. From this judgment the plaintiff in error brings the case here for review.

The first error of which the plaintiff in error complains is that the court erred in refusing to grant a continuance of the cause.

The application for a continuance was made under section 328 of our civil code, which provides as follows:

"The court may, for good cause shown, continue an action at any stage of the proceedings, upon such terms as may be just. When a continuance is granted on account of the ab-

.sence of evidence, it shall be at the cost of the party making the application, unless the court otherwise order."

This application was based upon the ground that the plaintiff in error was sick and unable to attend court. It was supported by the affidavit of the attending physician and by the affidavit of counsel for plaintiff in error. The affidavit of the physician stated that the plaintiff in error was in a condition of pregnancy which had progressed for a period of over seven months, that at said time she was afflicted with a case of acute cystitus, and that her condition was such that she could not attend court on the first day of December, 1900, the day that this case was set for trial. The physician further testified that it would not be advisable for her to attempt to attend court during said term, which he was informed closed on December 17, 1900. The attorney for plaintiff in error testified that he could not proceed with the trial of said cause on account of the absence of the plaintiff in error, who was one of the defendants in said cause, and a material witness in her own behalf. (The facts to which she would testify were then fully set forth in the affidavit). And it was further stated in said affidavit that the said facts could not be proven by any other witness, and that counsel could not safely proceed with the trial of said cause without the presence of the plaintiff in error to aid him in properly presenting the case to the court, and that said application was made in good faith, and if said cause was continued until the next term of court, the attendance of said plaintiff in error could be procured. This showing was made on November 30, 1900, the cause having been set for trial on December 1, 1900. No counter-showing was made by the plaintiff or by the defendant in error. The court overruled the application

for a continuance, to which the plaintiff in error duly excepted, and assigns as error here.   It is a settled rule of law that an application for a continuance is addressed to the sound discretion of a trial court, and that the granting or refusal to grant a continuance will not be reversed by an appellate court unless it clearly appears that there is an abuse of discretion.   We think that the showing in this case was sufficient to entitle the plaintiff to a continuance of the case, and that it was an abuse of discretion to refuse to grant it.   In this case the affidavit of the physician shows that the plaintiff in error was physically unable to attend the trial. The affidavit of her attorney shows that she was not only a material witness in her own behalf but that her presence was necessary for the purpose of aiding her attorney in a proper presentation of the cause.   It is true that the defendant in error consented that the affidavit of the plaintiff in error may be treated as her deposition, but this fact did not satisfy the law.   The plaintiff in error had a right to be present when she was able to attend court, and not only testify in her own behalf, but to assist counsel in the presentation of said cause.

The supreme court of California in *Jaffe v. Lilienthal*, 101 Cal. 175, 35 Pac. 636, in passing upon this question said:

"It seldom happens that a trial can be properly had in the absence of the plaintiff, even where he is disqualified as a witness, especially where it is to be tried upon oral testimony.   With all the care that can reasonably be taken by both attorney and client, some matter of vital importance is liable to be overlooked by them until the trial calls it to the recollection of the plaintiff, and this is especially true in relation to matters purely in rebuttal. It is the right of parties to be present at the trial of their cases.   This right may be waived, and should be held to be waived, where the absence of the

party is voluntary, and under circumstances which ought not to induce a reasonable man having a due regard for the rights and interests of others and of the public, all of whom are interested in the due and prompt administration of justice to absent himself. So far as the want of preparation on the part of the attorney is concerned, the most laborious and painstaking preparation on his part would not have prevented the sickness and absence of his client; nor does it appear that, if the plaintiff had not been sick, the necessary preparation could not have been made after the cause was set for trial."

For the reasons herein stated the judgment of the district court of Garfield county, is reversed, and the cause remanded with directions to grant a new trial.

Irwin, J., not sitting; all the other Justices concurring.