## ST. LOUIS & S. F. R. CO. v. COX.

### No. 461.   Opinion Filed May 10, 1910.

#### (109 Pac. 511.)

1.  **CONTINUANCE—Discretion of Court—Review.** The granting or refusing to grant a continuance of a cause rests largely in the sound judicial discretion of the trial court, and, in the absence of abuse of such discretion, the ruling of the trial court will not be disturbed here.

2.  **CONTINUANCE — Absent Witness — Application.** Where the continuance of the cause is sought on the ground of an absent witness, the party applying therefor must, among other things, make it clearly appear in the application therefor where said witness resides, if he knows, the probability of procuring his testimony within a reasonable time, and that the facts affiant believes said witness will prove are by affiant believed to be true. Where said application fails to so state, it is not error to refuse to grant a continuance.

3.  **CARRIERS—Injuries to Passenger Alighting.** A railroad company is liable to a passenger on a freight train for injuries inflicted upon him by violently and without warning jerking the train after it had slowed up and stopped at the station platform at the end of the journey, and after he, by direction of the conductor, has arisen from his seat in the car to alight.

(Syllabus by the Court.)

*Error from District Court, Bryan County; D. A. Richardson, Judge.*

Action by J. B. Cox against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Flynn & Ames,* for plaintiff in error.
*C. C. Hatchett* and *A. H. Ferguson,* for defendant in error.

TURNER, J.   On October 19, 1907, J. B. Cox, defendant in error, sued the St. Louis & San Francisco Railroad Company, plaintiff in error, in the United States Court for the Indian Territory, Central District, at Durant, in damages for personal in-

juries. The complaint substantially states that theretofore, on August 17, 1907, plaintiff paid the conductor of one of defendant's freight trains the sum of 25 cents, which entitled him to be and he was transported as a passenger on said train from Durant to Mead, I. T.; that, when the train reached Mead, it stopped for the purpose of allowing passengers to alight therefrom, that thereupon plaintiff arose from his seat, and, while walking to the door for the purpose of alighting from the caboose in which he rode, defendant, through its servants then and there propelling, operating, and managing said train, caused the same to be negligently moved forward and suddenly stopped with such force and violence as to cause him to fall, to his injury $2,000, for which he prayed judgment. After answer, in effect a general denial and a plea of contributory negligence, and reply filed, the trial being set for March 26th, defendant, on March 29th, on the calling of the cause, filed an application for continuance, which the court overruled and the cause was tried to a jury, which resulted in judgment for plaintiff.

After motion for a new trial filed and overruled, defendant brings the case here, and assigns that the court erred in overruling said motion for continuance. The motion substantially states that defendant cannot go safely to trial on account of the absence of witnesses Burge and Bolts, the brakeman and conductor of the train on which the injury occurred, and sets forth in detail what they, if present, would testify; that five days before the cause was set for trial counsel at Oklahoma City had wired the general solicitor at St. Louis to have said witnesses in attendance on the court on the 26th; that on May 25th another telegram of like import was sent urging their attendance on May 28th; that the reason why said witnesses were not present was that they were prevented from attending on account of high water, etc. We do not think the court erred in holding the application insufficient, and refusing to grant a continuance, for the reason that it fails to state where said witnesses reside and the probability of procuring their testimony within a reasonable time. While the application is sworn to and

recites that affiant "verily believes that the statements contained in the above application for continuance are true," it fails to state that the facts affiant believes said witnesses will prove are by affiant believed to be true, as required by Wilson's Rev. & Ann. St. Okla. § 4504. While this is not the only vice in the application, we think it sufficient upon which to base the overruling of the application, especially as it is a universal rule that the granting or refusing to grant a continuance of a cause rests largely in the sound discretion of the trial court. *Murphy et al. v. Hood & Lumley,* 12 Okla. 593, 73 Pac. 261.

In support of defendant's assignment that the judgment is contrary to law and the evidence, defendant contends that the evidence was insufficient to take the question of defendant's negligence to the jury. There is no conflict in the testimony. It discloses, in substance, that on August 17, 1907, plaintiff, after purchasing a ticket at Durant, boarded the caboose attached to a freight train on the defendant's line of road to go westward to Mead; that, on approaching Mead, the station was signaled and called out and the train slowed up, and, on reaching there, stopped at the depot platform for passengers to alight; that the conductor standing in the side door of the caboose motioned for plaintiff to get off; that he arose and started northward to go out the door when the train instantly and without warning gave a quick jerk or start and stopped, which threw him off his feet, and against the edge of the open door, and seriously injured him. We think the evidence sufficient to establish negligence on the part of defendant. As stated by this court in *St. Louis & San Francisco Railroad Company v. Gosnell,* 23 Okla., 588, 101 Pac. 1127, 22 L. R. A. (N. S.) 892, it is the duty of a railroad company, carrying passengers for hire on its freight trains, to exercise the same degree of care as is required in the operation of its regular passenger trains; the difference only being that the passenger on a freight train submits himself to the inconvenience and danger necessarily attending that mode of conveyance; that it is only the inherent hazards of this mode of conveyance which are assumed by the passenger in taking passage on

a freight train, and not hazards from peril arising from negligence or want of proper care on the part of those in charge of the train. See *Whitehead v. St. Louis, I. M. & S. Ry. Co.* 99 Mo. 263, 11 S. W. 751, 6 L. R. A. 409; *McGee v. Mo. Pac. Ry. Co.*, 92 Mo. 208, 4 S. W. 739, 1 Am. St. Rep. 706; *Wagner v. Mo. Pac. Ry. Co.*, 97 Mo. 512, 10 S. W. 486, 3 L. R. A. 156; *Hays v. Wabash Ry. Co.*, 51 Mo. App. 438; *Guffey v. Han. & St. J. Ry. Co.*, 53 Mo. App. 462; *Ohio & Miss. Ry. Co. v. Dickerson*, 59 Ind. 317; *Chicago & Alton Ry. Co. v. Arnol*, 144 Ill. 261, 33 N. E. 204, 19 L. R. A. 313; *Olds v. New York, etc., Ry. Co.*, 172 Mass. 73, 51 N. E. 450.

When either freight or passenger trains carry passengers for hire, the contract of carriage necessarily includes the furnishing of reasonable opportunity to alight from the train safely at the end of the journey. *Chicago & Alton Railroad Co. v. Julia F. Arnol*, 144 Ill. 261, 33 N. E. 204, 19 L. R. A. 313, citing *Pennsylvania R. Co. v. Aspell*, 23 Pa. 147, 62 Am. Dec. 323; *Imhoff v. Chicago & M. R. Co.*, 20 Wis. 344; *Jeffersonville R. Co. v. Hendricks*, 26 Ind. 228; *Burrows v. Erie R. Co.*, 63 N. Y. 556; *Dougherty v. Chicago, B. & Q. R. Co.*, 86 Ill. 467; *Wabash St. L. & P. R. Co. v. Rector*, 104 Ill. 296. And a failure to furnish such reasonable opportunity, resulting in injury to the passenger, is actionable negligence on the part of the company. The rule also applies to street railways, and, it would seem, to every other mode of public service transportation.

*Birmingham, etc., Railroad Co. v. Hale*, 90 Ala. 8, 8 South. 142, 24 Am. St. Rep. 748, was a suit in damages for personal injury. The court held, in effect, that, where the evidence shows the injuries to have been received by a passenger in alighting from one of defendant's street cars and was caused by the driver starting the car with a jerk as the passenger was in the act of alighting, the same was sufficient to establish a *prima facie* case of negligence, and shift the burden of disproving it to defendant; or, in effect, that in such circumstances the doctrine of *res ipsa loquitur* applies.

*Dougherty v. Missouri Railroad Co.,* 81 Mo. 325, 51 Am. Rep. 239, states the rule thus:

"Without reviewing the authorities, the following proposition is clearly deducible: That where the vehicle or conveyance is shown to be under the control or management of the carrier or his servants, and the accident is such as under an ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care. *Scott v. Dock Co.,* 10 Jur. (N. S.) 1108; *Briggs v. Oliver,* 4 Hurl. & Col. 407; *Mullen v. St. John,* 57 N. Y. 568, 569 [15 Am. Rep. 530.]"

In *Deming v. C. R. I. & P. Ry. Co.,* 80 Mo. App. 158, as to what was sufficient proof of negligence to take the case to the jury, the court said.

"In respect to the defendant's instruction in the nature of a demurrer, it is needless to say that the evidence disclosed by the record was ample to make out a *prima facie* case entitling the plaintiff to a submission to the jury. If the defendant did not stop its train at the station of plaintiff's destination, or if, in doing so, it did not stop a sufficient length of time to afford plaintiff a reasonable opportunity to leave the same, * * * defendant was guilty of such a breach of duty as to render it liable for any damages resulting to the plaintiff therefrom. *Eichorn v. Railway,* 130 Mo. 575 [32 S. W. 993]."

*Chicago & Alton Railroad Co. v. Julia F. Arnol,* 144 Ill. 261, 33 N. E. 204, 19 L. R. A. 313, was a suit in damages for personal injuries. The facts were that appellee took passage on defendant's "accommodation train" consisting of a caboose attached to its regular freight train, to ride from Bloomington to Shirley. Upon approaching Shirley, a north-bound freight was found standing upon the main track, and the south-bound train, upon which appellee was a passenger, was required to take the siding. After doing so the caboose stopped twice—the first time near the north end of the platform, and was then jerked forward, and finally stopped at the south end. The first stop was very short, and was made after the usual station signal and call had been given by the brakeman. After hearing the signal and call, upon the train com-

ing to a standstill, appellee arose from her seat with the intention of leaving the train, when, instantly and without warning, the caboose was jerked violently forward, and she was thrown down upon the floor of the car, and injured. There was judgment for appellee in the trial court, which was affirmed by the Supreme Court. Speaking of the duty of the railroad company to furnish her a reasonable opportunity to alight from the train safely at the end of the journey, and the implied invitation she had received to alight, the court said:

"If she, by reason of such apparent invitation, was placed in peril from the further movement of the train, the duty at once arose on the part of appellant to stop its train a sufficient length of time to permit her to leave it in safety, or to warn her of the danger, in time to avert injury; and it could not, in such case, be material whether the shock of the train producing the injury was an incident of the ordinary operation of the train, or was extraordinary, and unnecessarily violent. The duty of the carrier was to be measured by the peril to the passenger, whom it had accepted and undertaken to safely carry, and who had been induced by the conduct of its servants to assume a position of danger."

And in the syllabus said:

"A railroad company is liable to a passenger on a freight train for injuries inflicted upon him by violently jerking the train without warning after he has arisen in the car to alight just as it stopped at the station platform after the station had been announced in the usual manner"—

thereby clearly holding, in effect, that the further movement of the train alone, imperiling plaintiff's safety in alighting, to his injury, in the circumstances, was actionable negligence, and that the doctrine of *res ipsa loquitur* applied.

In *McNulta v. Ensch*, 134 Ill. 46, 24 N. E. 631, speaking of the duty of the receiver who was operating the railroad, it was said:

"Having by the acts and conduct of his servants justified the plaintiff in attempting to get off the train, the duty of the defendant then attached to stop the train a sufficient length of time to enable the plaintiff to reach the platform in safety."

This seems to accord with the universal holding. 5 Am. & Eng. Ency. of Law, 578, and volume 1 of the Supplement 884, note 3; *W. & G. Ry. Co. v. Torbiner, Adm'r*, 147 U. S. 571, 13 Sup. Ct. 557, 37 L. Ed. 284.

We are therefore of opinion that the judgment is neither contrary to the law nor the evidence, and that the evidence was sufficient to take the question of negligence to the jury. Our holding here in no way conflicts with our holding in the Gosnell Case. In that case we held, in effect, that the doctrine of *res ipsa· loquitur* did not apply, for the reason that the injury resulted from a jar incident to the exigencies of the service pending the journey. Here we hold that the doctrine of *res ipsa loquitur* does apply for the reason that the journey had ended; that hence the jar causing the injury was not a risk incident thereto, and not a risk assumed by plaintiff; that it was defendant's duty to stop its train a sufficient length of time to permit him to leave it in safety, and hence it was immaterial whether the jar was incident to the exigencies of the service or not, and that in the circumstances defendant moved the train at its peril. There is no variance between the allegations and proof.

The judgment of the trial court is affirmed.

All the Justices concur.