## WOOD et ux. v. JONES.

No. 7282—Opinion Filed July 25, 1916.
(159 Pac. 325.)

**Continuance—Grounds—Absence of Party—Discretion of Court.**

Where a cause is called for trial within a few days subsequent to the settling of the issues, and defendants interpose a motion for a continuance supported by the affidavits of the wife who is codefendant, and the family physician, showing that the husband and codefendant was absent from the state upon the order of said physician, by reason of serious illness, and that said absent defendant had sole knowledge of the facts regarding the transaction from defendant's viewpoint, and that said defendant would be present at the next term, and the application was not made for delay, but that justice might be done, said absent defendant should have been given a reasonable opportunity to be present at the trial to advise with and assist his attorneys in the presentation of his case, and the denying of said continuance constitutes an abuse of discretion of the trial court.

(Syllabus by Day, C.)

Error from District Court, Marshall County; Jesse M. Hatchett, Judge.

Action by Bob Jones against George W. Wood and wife. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Rider & Hurt, for plaintiffs in error.

F. E. Kennamer and Chas. A. Coakley, for defendant in error.

Opinion by DAY, C. Plaintiffs in error were defendants, and defendant in error was plaintiff below, and hereinafter shall be styled as in the trial court.

Plaintiff, in November, 1914, brought suit in replevin against defendants for the possession of certain hotel furniture. On January 15, 1915, only a few days after issues were joined, the cause was called for trial and defendants interposed a motion for continuance for the term, which motion was supported by the affidavit of the defendant, Mrs. George W. Wood, which showed, in substance, that defendants were unable to proceed to trial on account of the absence of George W. Wood, her husband and codefendant, who was in El Paso, Texas, having been there since about 2 or 3 days after the filing of the suit, which was November 16, 1914; that he had been in ill health for some time, and just prior to departing for El Paso was ordered

by his physician, Dr. A. H. Bray, to leave this climate and not return until the spring of 1915, and that he had not been back; that he would, if alive, be present at the next term of the court; that in the transaction of the purchase from plaintiff of the property involved in this suit, said George W. Wood acted for himself and as agent for affiant, and the contract involved was in parol and affiant, of her own knowledge, knew nothing of the terms of said contract; that the application was not made for delay, but that justice might be done. It was also supported by the affidavit of Dr. Bray, which was as follows:

"A. H. Bray upon his oath states that he is a physician and surgeon and resides and practices his profession in the city of Madill, Okla. That he is acquainted with the defendant George W. Wood, and as such physician he attended the said Geo. W. Wood in the months of October and November, 1914. That some time about 3 or 4 weeks before the suit was filed herein on November 16, 1914, the said Wood was sick and confined to his bed, and that he was suffering from the following disease: Nervous breakdown, with tubercular symptoms caused from living 7 years in the tropics. That it became necessary, in the opinion of said affiant as such physician, that the said defendant Wood should leave Madill, and he as such physician ordered him to leave for the preservation of his health, and he did so leave and was gone for about two weeks, and came back and was in greatly improved health, and stayed in Madill until a few days after the filing of said suit, when he again was taken to his bed by said disease, and became very sick, and it was the opinion of the affiant as such physician that unless the said Wood did at once leave Madill, that he would die, and that this affiant thereupon did order and direct that, for the preservation of his health, and to save his life, that the said Wood leave Madill, and go to El Paso, Tex., or some other point where the climate was similar, and other conditions the same, and not to return until the spring of 1915."

The motion for continuance was by the court overruled, to which defendants excepted, and the case proceeded to trial and resulted in judgment against defendants, from which this appeal is prosecuted.

It will be observed that the absent defendant was in sole possession of the facts regarding the transaction, from defendant's viewpoint, involved in litigation in this action; the suit was filed on November 16, 1914, and on trial day, January 15, 1915, the issues had been settled only a few days, and not quite 60 days had elapsed since the bringing of the action. The defendant was sick and absent from the state upon the order of his physician with directions not to return until spring, to the end that his health

might be preserved and his life saved. There had been no former continuance, and it was only asked that the cause be continued to the May term.

We are of the opinion that justice would require that said absent defendant have a reasonable opportunity to be present at the trial to advise with and assist his attorneys in the presentation of this case, and in view of the facts, as disclosed by the record, the trial court in denying the continuance abused its discretion. McMahan v. Norick, 12 Okla. 125, 69 Pac. 1047.

There are other errors urged, but we deem it unnecessary to consider them.

It follows that this cause should be reversed and remanded.

By the Court: It is so ordered.