### BORMAN v. GEIB et al.

No. 12390—Opinion Filed Nov. 6, 1923.

Rehearing Denied Jan. 15, 1924.

1. **Continuance — Grounds — Absence of Plaintiff by Reason of Illness—Abuse of Discretion.**

Where an affidavit for continuance discloses that it is not made for delay but

by reason of absence of the party plaintiff caused by illness, and where it further appears that said cause could be disposed of thereafter without delay, it is an abuse of discretion to deny such continuance.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pushmataha County; C. M. Barrett, Judge.

Action by Katie Bell Borman against H. F. Geib and Antlers Potato Company. Judgment for defendants, and plaintiff appeals. Reversed.

Strange & Wiygul, for plaintiff in error.

R. H. Stanley, for defendants in error.

Opinion by LYONS, C. It is necessary for us to notice only one error of the trial court, which necessarily requires a reversal by this court. When the case was called for trial, the plaintiff was sick in Dallas, Texas, and was unable to attend the trial, as is evidenced by the certificate of physicians. Plaintiff's counsel asked the court for a continuance, setting up these facts and setting up also certain facts to which plaintiff would testify if present. Opposing counsel agreed that the affidavit might be read as a deposition, and thereupon the court ordered the trial to proceed. The court evidently viewed the application for a continuance as one based solely on the ground of the absence of a material witness, and decided that, under the statute providing for such cases, inasmuch as the affidavit setting forth the proposed testimony could be read as a deposition, the trial should proceed.

The court failed to take into consideration that the application is also based substantially on the absence of a party to the litigation. The application sets out:

"That counsel is unable to proceed to the trial of this cause at this time for want of evidence of the plaintiff for the reason that the plaintiff is sick in the city of Dallas, state of Texas, and is unable to be present in court at this time and prosecute this action * * * That plaintiff expects to be able physically to be present at the next term of this court and to use due diligence in making preparation for trial of this cause, and this affiant believes all of said statements herein made to be true, and this affiant asks that this cause be continued to the next term of this court. Affiant further states that Katie Bell Borman and Katie Bell Forehand is one and the same person and is the plaintiff in this action."

The application might have stated specifically in more apt language that it was based on the absence of a party as well as on account of the absence of a material

witness. We think that it was sufficient to disclose to the court that it was based on the absence of a party.

The statement is made that counsel is unable to proceed for two reasons:

(a) For want of the plaintiff's evidence.

(b) Because the plaintiff is unable to be present in court and prosecute this action.

It was therefore error for the trial court to deny the application for continuance. Wood et ux. v. Jones, 60 Okla. 111, 159 Pac. 325; McMahan v. Norick, 12 Okla. 125, 69 Pac. 1047. A party to the litigation is entitled to be present to assist in the conduct of the cause. Counsel is entitled to have his client present for many considerations which need not be detailed here, but which are familiar to all courts and legal practitioners.

The showing made disclosed that the plaintiff could be present within a reasonable time. Justice does not demand that a trial should be so hurried that a plaintiff who is absent on account of illness is deprived of the right to be present.

The trial court erred in refusing to postpone the cause, and the judgment of the trial court is accordingly reversed, with instructions to grant a new trial.

By the Court: It is so ordered.