### BECK et al. v. PEARD.

No. 27226.   June 21, 1938.

Baird & Jones, for plaintiffs in error.

H. B. Lockett, for defendant in error.

HURST, J.   This is an appeal from an order denying an application for a continuance and a motion to vacate a default judgment.

The record, being devoid of any testimony, discloses the following facts: Plaintiff, A. A. Peard, instituted an action on July 23, 1934, against the defendants, Albert Beck and Albert Beck Trust, to recover a claimed balance due under a contract of employment, and also sought damages for alleged slander of title. Defendants were residents of California. Upon the filing of the petition, attachment proceedings were commenced   On February 27, 1935, default judgment was rendered in favor of plaintiff in the sum of $4,650. On May 27, 1935, during the same term of court, defendants filed a motion to vacate the default judgment on the grounds of fraud. The fraud complained of was procuring the default judgment after the case had been settled. Defendants in their motion alleged that on August 31, 1934, the parties had entered into a contract of settlement of said cause, along with other litigation and controversies between themselves, and that at the same time, plaintiff through his attorney, had executed a dismissal with prejudice. The record does not disclose that the dismissal was ever filed.   Copies of the default judgment, the contract, and the dismissal were attached to the motion to vacate as exhibits. The defendants further alleged in their motion that all the terms and conditions of the contract of settlement had been complied with   Defendants further alleged that G. F. Womack was their attorney in the litigation and that the contract and dismissal were left with him with the understanding that he file same, but that, in the meantime, he became ill and died. Plaintiff filed a response to the motion to vacate wherein he admitted the execution of the contract of settlement and dismissal, but alleged that said instruments had never been delivered, and that there had been no performance thereunder.   Plaintiff's attorney filed an application to intervene on a contract for attorney fees, alleging that it had been understood that the dismissal was "in no event to be filed, or become effective un-

til authorized by this intervener." The matter was set for hearing on January 27, 1936, and on that date there was presented an affidavit for continuance which had been executed by Albert Beck in California on January 10, 1936. It was there stated that by reason of other litigation which he had pending in the courts of California he would be unable to be present for the hearing on the motion to vacate and he prayed that the cause be continued for a reasonable time. The trial court found that the application did not state facts sufficient to justify the granting of the continuance, and the application was overruled. Counsel for defendants were then directed to present their evidence in support of the motion to vacate, but, as recited in the journal entry of judgment, they "refused to present their evidence in support of said motion to vacate on account of the absence of Albert Beck and inability to take depositions before trial." Thereupon the motion to vacate the default judgment was overruled. The defendants bring this appeal.

■ The questions presented here for review are: First, did the denial of the continuance constitute an abuse of discretion? And, second, did the court err in denying the motion to vacate the default judgment? Under our view of the matter, we are concerned only with the first question.

Section 396, O. S. 1931 (12 Okla. St. Ann. sec. 667), amended in other respects by S. L. 1935 and 1937, provides in part as follows:

"The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just. * * *"

Section 397, O. S 1931 (12 Okla. St. Ann. sec. 668), sets out the requirements of the affidavit for continuance on account of the absence of evidence and for an absent witness, and further provides, in substance, that if the adverse party will consent that the affidavit be read and treated as a deposition, no continuance shall be granted on the ground of the absence of such evidence.

Since the affidavit involved here neither sets out any facts to which the defendant, as a witness in his own behalf, would testify if present, nor makes any assertion as to the absence of evidence, it must be taken to be based upon defendant Beck's inability to be present in court as a party to assist in the conduct of the cause. Such being the case, we are not concerned with the requirements of section 397, supra, which must be met by an affidavit for continuance on the ground of the absence of evidence or ma

terial witnesses. There is no statute which specifies the necessary averments of an application for continuance on the ground of the absence of a party as such. Under section 396, supra, a continuance upon such ground may be granted "for good cause shown" and "upon terms as may be just." Therefore, the rule by which we are governed, as called to our attention by plaintiff, is that where a continuance is sought on account of the absence of a party to the action, unless it clearly appears that the court abused its discretion in overruling the motion for such continuance, this court will not disturb the action of the lower court. Lynch v. Peterson (1923) 91 Okla. 28. 215 P. 617; Sherman Machine & Iron Works v. Cole Mfg. Co. (1915) 51 Okla. 353, 151 P. 1181.

In determining whether the trial court abused its discretion there are two considerations. First, did the defendant give a sufficient reason for not being present at the trial? And second, assuming that he did, was his presence as a party necessary?

(a) As to the first consideration, plaintiff argues that this matter was at issue on September 12, 1935, when he filed his response to the motion to vacate, and that the defendant was engaged in considerable litigation in California and should have anticipated his inability to be present when the matter came on for hearing. But we cannot follow this reasoning because the defendant Beck could have no reason to anticipate that he could not be present at the hearing when he did not know at what time in the future it would take place. His affidavit executed on January 10, 1936, disclosed that he was advised on the 9th day of January, 1936, that the matter was set for January 27th of that year. He stated that he was a party to actions "now pending" giving the style of each case. and the court where pending, and that each one "is set for trial," and he set out the dates, namely January 23, January 27. and January 29, 1936. As to the hearing set for January 29th, he stated that he had been served with notice that it was set. A copy of a letter dated January 8, 1936, from opposing counsel in one of the cases. refusing to agree to a continuance. was. attached. It therefore appears that at least one of the cases in which he was involved in California was set prior to the time he knew of the date set for the hearing in this state. It was also stated in the affidavit that it was absolutely imperative that he be present at the trial of the California litigation.

Neither party has referred to any cases

from this jurisdiction, nor can we find any, which deal with the party's participation in another action as a ground for continuance. However, in 12 Am. Jur. sec. 14, the rule is stated that "a party in two court proceedings in different places is bound by the first notice of trial and the requirement of his presence at the trial affords a ground for continuance of the other proceeding." We think this rule applicable here, and therefore, in so far as the order denying the continuance was based upon defendant Beck's reason for his inability to be present, it would constitute an abuse of discretion.

(b) But given a good and sufficient reason for not being present, it would nevertheless follow that, if the party's presence was wholly unnecessary at the trial, a denial of a continuance would not constitute an abuse of discretion. In this connection, plaintiff's argument, to use his own language, is as follows:

"If defendants desired to show this court that the trial court had abused its discretion in refusing a continuance, they should have put evidence on showing the facts that would indicate this abuse and thus have given the Supreme Court some means of arriving at the merits of their charge. There is nothing in the record, not even in the affidavit for continuance, indicating that the presence of Albert Beck was in any way essential in assisting his counsel to prepare and present his case, and does not even state that he was a material witness in the case. If he wanted a continuance because it was essential for him to be present to assist his counsel in the trial of the case, then it was necessary for him to set out these facts. In this case the witness merely sets out reasons why he could not be present, but does not set out reasons why his presence was necessary"

But, as we have already pointed out, the application for continuance was not predicated on the ground of the absence of defendant Beck as a material witness, but rather it was based upon his absence as a party. Therefore it was not necessary to state in the affidavit that defendant was a material witness nor to set out his proposed testimony. As to the argument that the affidavit should set out the reasons why defendant's presence was necessary, however, plaintiff finds some support in a statement by this court in Sherman Machine & Iron Works v Cole Mfg. Co., supra. In holding that the trial court did not abuse its discretion in denying a continuance, it was said, among other things, that "it is true that one of the absent witnesses was the defend-

ant, but the affidavit for continuance does not state that his presence was necessary for the purpose of assisting counsel to properly present the case." On the other hand, in Borman v. Geib (1923) 94 Okla. 270, 221 P. 1006, in holding that the trial court erred in denying a continuance requested by a party to the action, even though his affidavit was read as a deposition, the court said:

"A party to the litigation is entitled to be present to assist in the conduct of the cause. Counsel is entitled to have his client present for many considerations which need not be detailed here, but which are familiar to all courts and legal practitioners."

The affidavit there involved, as it appears in the opinion, contained no recitals setting out the reasons why the party's presence was necessary to assist his counsel in the conduct of the cause.

In view of the fact that the only statute applicable to the granting of continuance on the ground of the absence of a party, as such, simply provides that it may be granted "for good cause shown," we do not think that the rule stated in the Sherman Machine Iron Works Case, that the affidavit must show that his presence is necessary, can be treated as a rule of procedure necessary in every case. It is better practice, but there is no statute which specifically requires such showing in the affidavit. Nor, on the other hand, do we think that the rule stated in the Borman Case, that a party, as a matter of right, is entitled to be present for the purpose of assisting his counsel in the trial of the cause, can be read into the statute as a matter of substantive law applicable in every case. The only rule which can be consistently applied is that the "good cause shown" is left to the discretion of the trial court, with the limitation, of course, that such discretion must not be abused. It could not be said that where the record disclosed that the presence of the party was necessary, it would not be an abuse of discretion to deny a continuance merely because the affidavit filed did not state such facts. Nor could it be said that where there are many defendants and it clearly appears from the record that the presence of one of them is not necessary, the denial of a continuance would constitute an abuse of discretion. We think the rule applicable here is that, given a good and sufficient reason for the absence of the party at the hearing, where the record before the trial court discloses that the presence of a defendant, not as a witness, but as a party, is necessary for the purpose of assisting counsel in the trial of the cause

to refuse to grant a continuance for a reasonable time constitutes an abuse of discretion. See McMahan v. Norick (1902) 12 Okla. 125, 69 P. 1047; Wood v. Jones (1916) 60 Okla. 111, 159 P. 325. Such is the situation presented here. It is disclosed from the pleadings filed in connection with the motion to vacate the default judgment that the sole issue of fact before the court was whether the contract of settlement had been performed. The contract, attached as an exhibit, reflects that it was signed by plaintiff and "Albert Beck Trust by Albert Beck Trustee." Plaintiff in his amended petition filed in the original cause, upon which default judgment was rendered, alleged that the defendant, Albert Beck Trust, "is a mythical stalking horse" and that it is solely owned, managed, and promoted by Albert Beck. It further appears from the motion to vacate the default judgment and the application to intervene filed by plaintiff's attorney that G. F. Womack, the attorney with whom the contract and dismissal were deposited. had died. Thus it appears from the record that the only parties who could testify regarding the sole issue before the court were plaintiff, his attorney and the defendant Beck. It therefore appears from the record before the trial court at the time the continuance was denied that the presence of the defendant Beck was necessary in order to assist his counsel in the conduct of the cause, and in so far as the continuance was denied on the ground that defendant's presence was not necessary, it constitutes an abuse of discretion. The injustice of this order is made apparent from what subsequently transpired. Assuming that the court denied defendant's application for continuance on the ground that the presence of Albert Beck was not necessary, it appears that, at the same time, the motion to vacate the default judgment was denied because of the lack of any evidence, which was not produced because of the absence of Albert Beck. We think that the ends of justice require that the judgment and order of the trial court be reversed so the motion to vacate the default judgment may be considered on its merits.

Judgment reversed, with directions to grant a new trial.

BAYLESS, V. C J., and WELCH, PHELPS, and GIBSON, JJ., concur. RILEY and CORN, JJ., dissent. OSBORN, C. J., and DAVISON, J, absent.