RILEY v. LINDLEY.

No. 31964. Jan. 29, 1946.

*165 P. 2d 633.*

Reily & Reily, of Shawnee, and Donald & Donald, of Bowie, Tex., for plaintiff in error.

J. B. Harvey and Arney & Barker, all of Clinton, for defendant in error.

BAYLESS, J. Stella Riley contested the admission to probate of the will of her mother and appealed to the district court of Custer county from the order of the county court admitting the will to probate, and appeals to this court from a judgment of the district court affirming the judgment of the county court admitting to probate the will. She alleges as error the refusal of the trial court to grant a continuance on the hearing of her appeal.

The parties do not differ materially on the general rules of law applicable to applications for continuance, but do differ over whether there was an abuse of discretion in the trial judge's refusal to grant the application in this instance.

12 O. S. 1941 § 667 governs, and this court has had many appeals to it involving the correctness of rulings on applications for continuances. The statute cited says that the trial court may "for good cause shown" continue an action at any stage upon terms that may be just. Adopting the legislative intent thus expressed, this court long ago adopted and has consistently adhered to the rule that the granting or refusal of an application for a continuance rested in the sound discretion of the trial judge. St. Louis & S. F. Ry. Co. v. Cox, 26 Okla. 331, 109 P. 511, and other cases. Continuing this rule, this court has just as frequently said that an order granting or refusing an application for continuance would not be reversed on appeal unless it was clear that there was an abuse of discretion. Slusser v. Daniel, 86 Okla. 116, 206 P. 827, and other cases.

The instances where continuances have been granted or refused and the decisions of this court on review of such rulings that have upheld or reversed them present almost every variety of fact basis. In this case, when the hearing in the district court was set for December 16, 1943, Stella Riley obtained an order for a continuance upon the filing of an application. The matter was reset for January 10, 1944, and again she obtained an order of continuance upon her application supported by an affidavit of her doctor. The matter was set for March 13, 1944, and again a continuance was granted and the matter set for April 17, 1944. At the time this case was called, her attorneys again presented application for continuance supported by the customary affidavits. This application was resisted by the proponent of the will, and after a hearing, which included some testimony offered by the proponent in opposition to the application, the trial judge denied the application. The affidavits of the doctors attached to these various applications for continuance describe Stella Riley as a sick woman, and in each instance went into detail respecting the nature of her illness, and in two of the affidavits supplied by her doctors estimates were made of the length of time it would take for her to recover, but her application of April

414

17, 1944, did not support these estimates and in the affidavit of the doctor attached to the application of April 17th it was stated that she is getting along fairly well and will recover her normal self. However, no estimate was supplied on this and the court was left in the dark as to when this party to the litigation would be able to make a personal appearance in court.

The opportunity of a party to litigation to be present in court is a valuable right and is one which the courts do not lightly disregard. At the same time, the courts are all agreed that a case ought not to be continued indefinitely because of the continued illness of one of the parties unless some showing is made of the inability to procure evidence for the party otherwise than by the party's actual presence in the courtroom or by some showing of when the party will be physically able to appear in court.

In Lynch v. Peterson, 91 Okla. 28, 215 P. 617, it was held that the refusal of a continuance on account of the absence of a party to the action was not reversible error unless it was clearly made to appear that the trial court abused its discretion in denying the application. In Weems v. Melton, 47 Okla. 706, 150 P. 720, it was held that a denial of a continuance where the cause had been continued three times before was not an abuse of discretion in the face of a record somewhat similar to the one before us.

We are of the opinion that the record and brief of Stella Riley do not show with sufficient clarity or force that the trial judge abused his discretion in refusing to frant a further continuance in this case.

The judgment appealed from is affirmed.

GIBSON, C. J., and OSBORN, CORN, and ARNOLD, JJ., concur. HURST, V. C. J., and RILEY, WELCH, and DAVISON, JJ., dissent.