ATKINS, Adm'x, v. BEAN et al.

No. 32793. Sept. 9, 1947.

*184 P. 2d 449.*

J. W. Burrow, of Arnett, for plaintiff in error.

M. A. Holcomb, of Buffalo, for defendants in error.

WELCH, J. This action was commenced by Carrie Atkins, administratrix of the estate of James Frederick, deceased, against Hannah M. Bean and others to cancel a deed and to quiet title to real estate. After the issues were joined, and on April 26, 1946, the trial court made an order setting the case for trial on May 27, 1946. On May 7, 1946, plaintiff filed request for a trial by jury. On May 27, 1946, plaintiff filed a motion for continuance. On the trial date the motion for continuance was overruled. The plaintiff refused to proceed and the case was dismissed by the court. Plaintiff appeals.

All assignments of error are presented under two propositions: That the court erred in refusing a trial by jury, and that the court erred in denying plaintiff's motion for continuance.

The record does not disclose any action of the trial court in reference to the request for trial by jury, nor any exceptions by plaintiff in reference thereto. Plaintiff's brief contains a tacit admission that the weight of authority is against plaintiff's claim of right to trial by jury.

The motion, as grounds for continuance, states:

"That there is a written demand for a jury trial in this cause on file at this time, and there is no jury at this sitting of the court.

"That the plaintiff herein is an aged woman and is now ill and unable to attend court at this time, and is now located in Seattle, Washington.

"That the attorney for the plaintiff is unable and wholly unprepared to try the cause without the presence of the plaintiff to aid and assist him in presenting the testimony and in the trial of said cause.

"That this cause has not heretofore been set for trial and the plaintiff herein is not asking for a continuance merely to delay the trial of said cause, but.

that substantial judgment may be done."

The record of the oral proceedings had on May 27, 1946, reflects that the trial judge read the motion; that no further showing was made except that counsel for plaintiff then stated that the plaintiff was unable to attend and that he could not try the case without her; the judge then announced the motion would be overruled; plaintiff's counsel gave notice of intention to appeal; the judge inquired if plaintiff refused to proceed with the case and received an answer, in the affirmative and for the reasons stated in the motion; the judge then announced that the case is dismissed.

It is well settled that the granting or refusing of an application for a continuance rests in the sound discretion of the trial judge, and that an order granting or refusing continuance will not be disturbed on appeal unless it is clear that there was an abuse of discretion. St. Louis & S. F. Ry. Co. v. Cox, 26 Okla. 331, 109 P. 511; Slusser v. Daniel, 86 Okla. 116, 206 P. 827; Riley v. Lindley, 196 Okla. 413, 165 P. 2d 633.

The record reveals that the cause was set for trial approximately a month before the trial date. The affidavit and motion recite that the presence of the plaintiff was essential only for the purpose of aiding counsel in presenting the testimony. No showing was made of inability to procure the evidence or attendance of witnesses because of the absence of the plaintiff. There was no showing as to the nature of plaintiff's illness or that plaintiff was a material witness or of when the plaintiff might be physically able to attend court.

Under such circumstances, we are of the opinion that the trial judge did not abuse his discretion in refusing to grant a continuance.

The judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, CORN, and LUTTRELL, JJ., concur.