David CULLISON, Plaintiff In Error,

v.

Robert L. TRIPLETT, Defendant In Error.

No. 36148.

Supreme Court of Oklahoma.

March 8, 1955.

Rehearing Denied April 6, 1955.

Carter Smith, Tulsa, for plaintiff in error.

W. S. Myers, Tulsa, for defendant in error.

WELCH, Justice.

Robert L. Triplett sued David Cullison for the balance due on a promissory note executed by the defendant. The defendant for answer alleged that plaintiff was indebted to defendant growing out of other transactions between the parties, and in an amount in excess of any balance due on the note. The case was placed on the court's docket for April 15th, and was called for trial on April 16th.

On that date an attorney for the defendant appeared and filed and presented a motion for a continuance. In the motion it is stated that the defendant is unable to attend trial because of his illness; that it is necessary that the defendant be present at trial to assist his counsel in presenting his defense to the plaintiff's action, and that if a continuance is granted for a reasonable time, defendant can be present at trial. Attached to the motion was a sworn statement of a doctor made April 14th. The doctor's statement was to the effect that the defendant is under the medical care of the doctor and due to the seriousness of the defendant's malady it is necessary for him to be at complete bed rest for the next seven to ten days.

The plaintiff presented a witness who testified that he operates a business in a certain building located in the City of Tulsa, which building is the property of the defendant; that a fire loss to said building occurred on April 13th and the next morning the witness suggested to an insurance adjuster that he call the defendant at his home in the City of Claremore; that about four or five o'clock in the afternoon of April 14th the defendant appeared at said place of business in Tulsa and remained there a few minutes, only two or three minutes, and departed therefrom.

A tender of testimony by the defendant's wife was refused by the court. If permitted the witness would have testified that on the evening of April 14th at about three-thirty or four o'clock she drove an automobile to Tulsa with the defendant a passenger therein, and after a brief stop at Tulsa she and the defendant left Tulsa and returned to their home at Claremore; that she drove the automobile because of the defendant's illness.

The court denied the application for a continuance and set the case for trial on the following day, the 17th day of April. At the appointed time, and without the presence of the defendant, testimony and evidence was presented on behalf of the plaintiff, and judgment was rendered for the plaintiff.

On appeal the defendant contends the trial court abused its discretion in refusing to grant a continuance of trial and thereby defendant was denied a fair trial.

12 O.S.1951 § 667, provides:

"The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just * * *."

The defendant's application for a continuance on grounds of illness and consequent inability to be present at trial to assist his counsel, was addressed to a discretionary power of the court to continue an action for good cause shown. Unless it clearly appears that the trial court abused its discretion this court will not disturb the trial court's action. See, Atkins v. Bean, 199 Okl. 114, 184 P.2d 449, and cases cited therein.

In Beck v. Peard, 183 Okl. 195, 80 P.2d 614, it was held:

"Where a continuance is sought on account of the absence of a party to the action, if it clearly appears that the court abused its discretion in overruling the motion for such continuance, this court will reverse the judgment."

In Borman v. Geib, 94 Okl. 270, 221 P. 1006, 1007, it was said:

"A party to the litigation is entitled to be present to assist in the conduct of the cause. Counsel is entitled to have his client present for many considerations which need not be detailed here, but which are familiar to all courts and legal practitioners."

Herein, the pleadings, and especially the defendant's answer alleging an indebtedness due the defendant from the plaintiff, and growing out of certain transactions between the plaintiff and the defendant, show a need and necessity for the defendant to be present at trial for the purpose of assisting his counsel.

It becomes apparent that the trial court's action in denying the defendant's application for a continuance was based on a finding that there was no good and sufficient reason that the defendant should not be present at trial on April 16th, the date set for trial.

According to the sworn statement of a doctor made on April 14th the defendant was ill and for such reason it was necessary that he be at complete bed rest for several days. According to evidence adduced at the hearing on the motion for a continuance, the defendant on said April 14th made a trip in an automobile from Claremore to Tulsa and back to Claremore, and while at Tulsa he left the automobile for a few minutes.

We are of the opinion that these acts of the defendant on April 14th of themselves do not belie the statement of the doctor, nor do they affirmatively demonstrate that defendant was able to sit through and participate as a party in. the trial of an important case in court.

In the absence of any direct evidence of a contrary inference to the statement of the doctor, we find there was good cause to believe that the defendant was unable by reason of illness to attend trial on April 16th and 17th.

In the circumstance of an inability of the defendant to be present at trial on the date fixed for trial, and an apparent need for his presence for the purpose of assisting his counsel, we hold it was an abuse of discretion to refuse a continuance.

In Borman v. Geib, supra, in the syllabus, the court said:

"Where an affidavit for continuance discloses that it is not made for delay, but by reason of absence of the party plaintiff caused by illness, and, where it further appears that said cause could be disposed of thereafter without delay, it is an abuse of discretion to deny such continuance."

Herein, we find the defendant's written application for continuance and the accompanying sworn statement of the doctor presents a fact situation such as set forth in the foregoing syllabus paragraph.

The judgment of the trial court is reversed.

JOHNSON, C. J., WILLIAMS, V. C. J., and ARNOLD, BLACKBIRD and JACKSON, JJ., concur.

CORN, J., dissents.