Dorothy Jean NORMAN, Plaintiff In Error,

v.

John McGRAW, Jr., Defendant In Error.

No. 37171.

Supreme Court of Oklahoma.

July 10, 1956.

Fischl & Culp, Ardmore, for plaintiff in error.

George W. Liskow, Lake Charles, La., for defendant in error.

PER CURIAM.

Dorothy Jean Norman, then McGraw, hereinafter referred to as plaintiff, filed an action against her husband, John McGraw, Jr., for divorce on July 2, 1952. The same date, a property settlement agreement was entered into between said parties; defendant filed sufficient waiver of service of summons; both parties appeared before the court, and a divorce was granted plaintiff; the aforesaid property settlement was approved by the court; and custody of John McGraw, IV, the parties' five-year-old son, was awarded plaintiff for 10 months, and to defendant for 2 months, of each calendar year. No provision was made for support and maintenance of said minor child, except as covered by the property settlement.

On April 14, 1953, the plaintiff filed a motion to modify the decree, seeking exclusive custody of said minor child and $100 per month for his support. After a hear-

ing thereon, the court denied the motion to modify the decree with reference to the custody of the child, leaving his custody as provided in the original decree, but ordered defendant to pay $60 a month for his support during the time he was in plaintiff's custody.

On May 5, 1955, John McGraw, Jr., filed his motion to modify the last mentioned order, and the original decree, seeking the exclusive custody and control of the child and alleging in substance that, prior to December, 1954, plaintiff, without order of the court and without notification to defendant, moved from the State of Oklahoma, leaving the child with plaintiff's mother; that on the 9th day of December, 1954, without any order of the court and without notification to the defendant, plaintiff removed said minor child from the court's jurisdiction to the island of Okinawa, where, having remarried, she was living with her husband; that such actions on her part constituted a flagrant violation of the court's order and decree, and of her obligations to the defendant under the court's order, making it impossible to comply with said order granting defendant custody of the child for two months of each year. This motion was set for hearing on June 8, 1955, and notice thereof served upon plaintiff by mail. Additionally, service was attempted through the Base Commander, Kadena Air Base, Okinawa, A.P.O. 239, % Postmaster, San Francisco, California. This attempted service through the Base Commander was refused acceptance by plaintiff.

On the last mentioned date, plaintiff, through her attorneys, filed a special plea to the jurisdiction of the court upon the theory that the service upon her was not sufficient, and also filed a motion for continuance, on the grounds that she was pregnant and unable to travel from Okinawa to Oklahoma to be present at the trial. Her motion had attached to it an affidavit of an Ardmore physician stating that if she was pregnant it would be dangerous for her to make the trip. While the record is devoid of other supporting affidavits,

it is agreed in the briefs that a statement was furnished by a medical corps officer in Okinawa that plaintiff was undergoing prenatal care. Said last mentioned statement was dated May 19, 1955, and gave November 10, 1955, as the estimated date of plaintiff's expected confinement.

The court overruled the special plea to its jurisdiction, but granted postponement of any further hearing on the matter for a period of 30 days, or until July 14, 1955. Thereupon, plaintiff filed her response to the motion to modify, alleging in substance that she was living on the island of Okinawa; that she had no intention of evading or circumventing the order of the court concerning custody of the child; that she would be back in the United States in June, 1956, and that, since she was going to be away during the summer months, she thought it only fair that defendant have said child for a period of 4 months during the summer of 1956. The court thereupon entered its order finding plaintiff in contempt of court for wilfully disobeying its order granting the child's custody to defendant during the summer months, and for taking the child outside the continental limits of the United States. Said order stated that, upon plaintiff's failure to redeliver the child to its jurisdiction by July 14, 1955, at 10:00 o'clock A.M., the court would enter an order changing the child's custody from the plaintiff, to the defendant.

No proceedings were had on July 14, 1955, but that day defendant filed an application to cite plaintiff for contempt of court for taking the child out of the court's jurisdiction. The matter was reset for hearing on September 10, 1955, and a citation for contempt was ordered to be served upon plaintiff not only by serving a copy thereof upon her attorney, but also by sending her a copy by registered mail, and by serving one on her through the Base Commander, Kadena Air Base, Okinawa. The registered mail was refused by plaintiff, as was the attempted service upon her by the Base Commander. Service upon her attorney was accomplished.

Thereafter, on September 10, 1955, the matter came on for hearing. Plaintiff failed to appear, but was represented by her attorneys of record who thereupon demurred, on her behalf, to the citation for contempt. Said demurrer was sustained. Thereafter, plaintiff again renewed her motion for continuance, and it was overruled. Thereupon the court proceeded to hear the testimony of the defendant, after which it entered an order taking the child away from plaintiff, and giving its permanent custody to defendant, with the right of visitation in plaintiff at reasonable times. A motion for a new trial was duly filed and overruled; and this appeal followed.

For reversal, plaintiff has presented various assignments of error under the following propositions: 1. The court erred in overruling plaintiff's motion for a continuance until her return to Oklahoma. 2. The order appealed from is not in the best interest of the child and is without the issues raised by the motion to modify. 3. The court erred in adjudging plaintiff in contempt of court in absentia for taking the child out of the jurisdiction of the court without permission of the court. 4. The mother was not found to be unfit to keep the custody of her child. 5. The court erred in endeavoring to punish the mother for the alleged contempt by taking her child away from her. 6. The evidence does not show a change in condition authorizing the court to change the custody of the child.

■ Since the granting of a continuance is a matter within the sound discretion of the trial court, the only question presented under plaintiff's first proposition is: Did the denial of the continuance constitute an abuse of discretion?

■ We are unaware of any statute in this State specifying the necessary averments of an application for continuance on the ground of the absence of a party, as such. However, Tit. 12 O.S.1951 § 667, provides in part: "The court may, for good cause shown, continue an action at any state of the proceedings upon terms as may be just * * *." Thus, where a continuance is sought on account of the absence of a party to the action, unless it clearly appears that the court abused its discretion in overruling the motion for continuance, this court will not disturb the action of the lower court. See Atkins v. Bean, 199 Okl. 114, 184 P.2d 449, and cases therein cited. In Cullison v. Triplett, Okl., 281 P.2d 743, it was held:

"Where a continuance is sought on account of the absence of a party to the action, if it clearly appears that the trial court abused its discretion in overruling the motion for such continuance, this court will reverse the judgment."

See also, Beck v. Peard, 183 Okl. 195, 80 P.2d 614. In Cullison v. Triplett, supra, this court followed the rule laid down in the earlier case of Borman v. Geib, 94 Okl. 270, 221 P. 1006, in which it was held:

"Where an affidavit for continuance discloses that it is not made for delay, but by reason of absence of the party plaintiff caused by illness, and, where it further appears that said cause could be disposed of thereafter without delay, it is an abuse of discretion to deny such continuance."

It is apparent from plaintiff's response and amended response to the motion to modify filed by defendant, that her presence at the trial was necessary for the purpose of assisting her counsel. We can only assume from the statements of the trial court, that his action in denying plaintiff's application for continuance was based largely upon events that had transpired in connection with her taking the child outside the continental limits of the United States, and her apparent attitude toward, and utter disregard of, the court's orders. While we are cognizant of the fact that plaintiff, at the time she had the child brought to Okinawa, was aware that it would be impossible for her to comply with the court's original order as to the child's custody, there is no evidence to the effect that such was her intent. We must take into consideration the uncontradicted sworn affidavits of the medical corps officer made

on May 19, 1955, that plaintiff was pregnant, undergoing prenatal care, and expected to be confined as of November 10, 1955; together with that of her former doctor, stating that, by reason of such pregnancy and her history of miscarriage, it would be dangerous for her to travel at any stage of her pregnancy.

Since there was no direct evidence to the contrary, we can only conclude that there was good cause shown, by these supporting affidavits, for plaintiff's inability, by reason of her physical condition, to attend the trial of this matter on September 10, 1955, and for need of her presence at said trial to assist her counsel. We therefore hold it was an abuse of discretion to refuse her a continuance of the case until the aforesaid physical hazards of her attending court no longer existed. In Borman v. Geib, supra, this court said:

"A party to the litigation is entitled to be present to assist in the conduct of the cause. Counsel is entitled to have his client present for many considerations which need not be detailed here, but which are familiar to all courts and legal practitioners."

The response showed that plaintiff, in any event, was expecting to be back in Oklahoma in June, 1956. Therefore, to paraphrase the language of Borman v. Geib, supra: Justice does not demand that the trial be so hurried that plaintiff, whose inability to attend is due to temporary physical incapacity, is deprived of the right to be present.

In view of the foregoing, we deem it unnecessary to deal with plaintiff's other contentions.

The judgment of the trial court is reversed, with instructions to grant a new trial.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Jean R. Reed, and approved by James H. Nease and J. W. Crawford, Commissioners, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.