PERDUE HOUSING, INC., and Housing Authority of the City of Wewoka, Oklahoma, Appellees,

v.

Leo J. DAVIS, City of Wewoka, a Municipal Corporation, Board of County Commissioners of Seminole County, Oklahoma, Appellants.

No. 50921.

Court of Appeals of Oklahoma, Division No. 1.

July 25, 1978.

Released for Publication by Order of Court of Appeals Aug. 17, 1978.

Richard S. Roberts, Wewoka, for appellees.

Mattingly, Dawson & Conyers by Howard W. Conyers, Seminole, McKeever, Glasser, Conrad & Herlihy, Enid, for appellants.

BOX, Presiding Judge:

An appeal by Leo J. Davis, defendant, from the order of the trial court vacating plat restrictions on lots owned by plaintiffs-appellees, Perdue Housing, Inc. and the Housing Authority of the City of Wewoka, Oklahoma.

Plaintiffs are the record owners of one hundred twenty-four lots on six blocks in the Foresee Addition to the City of Wewoka. Plaintiffs brought suit against the City of Wewoka and the Board of County Commissioners of Seminole County to vacate that portion of the original plat of the Foresee Addition pertaining to their lots and return the lands to their original unplatted and unrestricted status. Plaintiffs planned to build multi-family dwellings on their property. Before the federal loan to build the units could be consummated, the plat restrictions against multi-family dwellings had to be abolished and a zoning classification compatible with multi-family dwellings established. Mr. Davis owns six lots in the Foresee Addition upon which single family dwellings had previously been constructed. Mr. Davis was also named a defendant in the cause of action but no attempt was made to change the plat restrictions upon the land owned by Mr. Davis.

The hearing on the action was held on March 28, 1977 and the trial court granted the relief requested by plaintiffs; the plat was vacated as to the lots owned by plaintiffs and their land was returned to the original unplatted and unrestricted status. Mr. Davis was decreed to have no right, title, interest or estate, legal or equitable, in plaintiffs' lots. Mr. Davis is the only defendant who appealed from the trial court's holding. His two propositions of error are: (1) The trial court erred in denying defendant's request for a continuance; and (2) the trial court erred in vacating a portion of the plat of the Foresee Addition.

## I.

■ According to the statement of proceedings in lieu of record on appeal, Mr. Davis' attorney orally moved for a continuance for the reason that he was unable to locate his client during a period of several days before the March 28th hearing. The attorney for Mr. Davis stated further that his client desired to present evidence in support of disallowing plaintiffs' petition. The trial judge overruled the oral motion for a continuance and Mr. Davis presented no evidence in support of his position.

Mr. Davis was both a party to the lawsuit and, as argued in his brief, a material witness. In Mr. Davis' brief, the statement is made that the request for continuance was made because testimony uniquely within Mr. Davis' knowledge was material to the objections to plaintiffs' plans for the property involved. Different factors are considered when the request for continuance is sought because of the absence of a party, or because of the absence of a witness, *Beck v. Peard*, 183 Okl. 195, 80 P.2d 614, although the underlying standard for review in either case is whether the trial court abused its discretion in denying the continuance. See *Herbert v. Chicago, Rock Island & Pacific R. R. Co.*, Okl., 544 P.2d 898 [absent witness]; *Raines v. Gifford*, Okl., 370 P.2d 1 [absent party].

■ When dealing with the absence of a witness, 12 O.S. 1971, § 668 must be followed. Section 668 provides:

A motion for a continuance, on account of the absence of evidence, can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; *and if it is for an absent witness, the affidavit must show where the witness resides, if his residence is known to the party, and the probability of procuring his testimony within a reasonable time, and what facts he believes the witness will prove, and that he believes them to be true.* If thereupon, the adverse party will consent that on the trial the facts, alleged in the affidavit shall be read and treated as the deposition of the absent witness, or that the facts in relation to other evidence shall be taken as

proved to the extent alleged in the affidavit, no continuance shall be granted on the ground of the absence of such evidence. (Emphasis added.)

No affidavit was filed by Mr. Davis' attorney. The record on appeal is void of any writing containing the information required by Section 668. There is no indication whether Mr. Davis' testimony could be procured within a reasonable time, no statements of the facts Mr. Davis was to prove nor a statement that they were believed to be true. Under these circumstances, we find that the trial court did not abuse its discretion in refusing to grant a continuance upon the ground of an absent witness. *Terrapin v. Barker*, 26 Okl. 93, 109 P. 931.

■ Mr. Davis was also a party to the lawsuit and a continuance in this circumstance can be requested so the party can be present to assist counsel in the conduct of the case. No statute specifies the necessary averments of an application for continuance on the ground of the absence of a party. However, 12 O.S.1971, § 667 provides: "The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just . . . ." Relying on Section 667, the Supreme Court has concluded that when a continuance is sought on account of an absent party, the denial of the request will not be disturbed on appeal unless an abuse of discretion is shown. *Norman v. McGraw*, Okl., 299 P.2d 521. Furthermore, the Supreme Court in *Beck v. Peard, supra* at 615–16, stated:

> In determining whether the trial court abused its discretion there are two considerations. First, did the defendant give a sufficient reason for not being present at the trial? *and*, second, assuming that he did, was his presence as a party necessary? (Emphasis added.)

See also *Moore v. Cavett*, Okl., 368 P.2d 224. A reason generally given as sufficient for the absence of a party is illness shown through a doctor's affidavit. See *Anderson v. Chapman*, Okl., 356 P.2d 1072; *Norman v. McGraw, supra; Cullison v. Triplett*, Okl., 281 P.2d 743. Involvement in other court proceedings of a sister state has also been found to be sufficient ground for a continuance. *Beck v. Peard, supra.* In the present case, however, no reason was given for Mr. Davis not being present at trial except that his attorney was unable to locate his client several days before trial. Without reason given for Mr. Davis' absence, we hold the trial court did not abuse its discretion in overruling the motion for continuance. *Moore v. Cavett, supra.*

## II.

■ Mr. Davis' second contention is that the trial court erred in vacating a portion of the plat of the Foresee Addition. According to the statement of proceedings in lieu of record on appeal submitted by Mr. Davis, the two witnesses for plaintiffs testified to facts sufficient to prove the allegations contained in plaintiffs' petition. Furthermore, 11 O.S.Supp.1976, § 524.B. provides:

> If such application shall be for the vacation of the entire plat, and no owner of any portion thereof or the holder of a franchise or other special right or privilege shall appear and object to such vacation, the entire plat may be vacated, *or if it shall appear that portions of such plat are not used or required for county, town or city purposes, or for the holder of a franchise or other special right or privilege, as platted, the court may vacate such portions thereof as will not injuriously affect the rights of owners of other portions of such plat or the public.* (Emphasis added.)

The statement of proceedings states that plaintiffs' witnesses testified that the granting of the relief requested and the vacation of the portion of the plat covering property owned by plaintiffs would not adversely affect the property owned by Mr. Davis included within the original plat. Thus, the only evidence presented at trial was that the removal of plat restrictions would not injuriously affect Mr. Davis' land. This evidence was not converted at trial. The assertions made in Mr. Davis' brief concerning economic hardships are not supported by the record and were urged for the first time on appeal. In disposing of matters on appeal, this Court will not go outside the record.

In addition, 11 O.S.Supp.1976, § 523.B. provides:

The city, town, county and such holder of a franchise or other special right or privilege, and *any owner of any lot or lots within such platted lands may appear and oppose and resist such application by filing a verified answer showing the grounds therefor.* (Emphasis added.)

Mr. Davis did not file a verified answer showing the grounds upon which he opposed the vacation of the plat.

■ Inasmuch as no evidence was introduced that the removal of plat restrictions would injuriously affect Mr. Davis, the trial court did not err in vacating a portion of the plat of the Foresee Addition. The judgment of the trial court is affirmed.

AFFIRMED.

ROMANG and REYNOLDS, JJ., concur.