## KEENER OIL & GAS CO. v. BUSHONG.

No. 23243. Feb. 11, 1936.

Rehearing Denied April 21, 1936.

M. E. Michelson, for plaintiff in error.

Ford & Montgomery and Leslie W. Lisle. for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in error in an action for damages for personal injury.

The parties will be referred to as in the trial court.

On and prior to November 28, 1927, defendant owned and operated a gas line which crossed a public highway. On that day plaintiff, then employed by the Tidal Oil Company, while driving a truck along said highway, was injured and severely burned as a result of the ignition of gas which had escaped from the defendant's pipe line. The break in the gas line was caused by operation of a grader drawn by a tractor operated by county employees while clearing out a drainage ditch at one side of the highway.

The Tidal Oil Company, plaintiff's employer, was subject to the Workmen's Compensation Law of the state, carrying its own compensation insurance in accordance with a permit.

Plaintiff made no claim to the State Industrial Commission for compensation. He made no formal election to take compensation under the Workmen's Compensation Law or pursue his common-law remedy against the defendant for damages.

The Tidal Oil Company, his employer, made a report of the accidental injury to plaintiff under the rules of the State Industrial Commission.

Plaintiff in his petition alleged:

"Plaintiff further states that the said gas and pipe line was entirely under the supervision, control and management of the said defendant, and the facts with reference to the escaping gas well known to the said defendant, but unknown to this plaintiff, and plaintiff, therefore, avers that he is unable to specify the exact acts of negligence which the said defendant, its agents, servants and employees committed in permitting the said gas to escape from its pipe line, and be, collect and remain in the said public highway, and that on account of the said gas which had collected being highly volatile and explosive, the same gas caused to be ignited from some cause unknown to this plaintiff at or about the time he was passing northward over said highway. * * *"

And:

"Plaintiff further states that his injuries and damages hereinafter referred to were not occasioned by any fault or neglect on his part, but were caused wholly, directly and proximately by and on account of the negligence of the said defendant, its agents,

servants and employees, whose names are to the plaintiff unknown."

He then alleged that he had never claimed, received, or accepted compensation under the Workmen's Compensation Act, and that the time for filing such claim had expired.

During the trial plaintiff asked and obtained leave (over the objection of defendants) to amend his petition by alleging:

"That the pipe line from which the gas escaped, which crossed the highway, was buried a depth of only from four to six inches under the surface of the ground, when, as required by Order No. 887, of the Corporation Commission of the state of Oklahoma, said pipe line was required to be buried to a depth of from twelve to eighteen inches."

Under one group of assignments of error the contention is made that plaintiff could not maintain this action because of alleged failure to comply with the provisions of section 7302, C. O. S. 1921, considered with the provisions of section 7339, O. O. S. 1921.

The latter section provides the right of action to recover damages for personal injuries not resulting in death arising and occurring in hazardous employment, as defined in the act, with certain exceptions, is abrogated, and the jurisdiction of the courts of the state over such cases, with some exceptions, is abolished. The exceptions are those provided for in section 2, art. 2, ch. 246, S. L. 1915, section 7286, C. O. S. 1921, and section 10, art. 5, ch. 246, S. L. 1915, section 7337, C. O. S. 1921. That part of section 7302, as is applicable, reads:

"If a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this act, elect whether to take compensation under this act or to pursue his remedy against such other. Such election shall be evidenced in such manner as the commission may by rule or regulation prescribe. If he elects to take compensation under this act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of recovery against such other person actually collected, and the compensation provided or estimated by this act for such case."

The State Industrial Commission had by rule, as authorized in said section, provided that such election should be in writing and

filed with the secretary. Plaintiff filed no such election.

The contention of defendant is that under said section plaintiff could not commence this action unless and until he had made his election as provided in said section and in the manner prescribed by the State Industrial Commission.

There is an evident omission in section 7302, supra. It was undoubtedly the intention of the Legislature to say that "If he elects to proceed against such other person, the employer or insurance carrier, as the case may be, shall contribute only the deficiency," etc. Canode v. Claypool & Wheeler, 86 Okla. 262, 207 P. 974.

This being an action for damages for personal injury alleged to have been caused by the negligence of another not in the same employ, the right of common-law action against such alleged wrongdoer existed unless there is something in the Workmen's Compensation Act which takes it away, which would, of course, be in derogation of that right. There is nothing whatever in the act under which it may be claimed there was a purpose or attempt to limit, modify, or cancel the common-law liability of a third party for his tortious injury of a workman.

"The law does him no harm, nor does it purport to help or relieve him. He contributes nothing to the fund it provides for, nor does he make any report to the commission that administers it. He is entirely without the scope of all its benefits." Arthun v. City of Seattle (Wash.) 242 P. 16.

In the situation mentioned in section 7302, supra, the injured workman shall elect whether to take under the act or pursue his remedy against such other. True it provides that the election shall be made "before any suit or claim under this act." But that provision has reference only to a suit or claim under the Workmen's Compensation Act. If he elects to pursue his remedy under the Compensation Act, then he must assign his cause of action against such third party to the insurance carrier. This is for the benefit of the insurance carrier, and not for the benefit of the third party, who is at all times suable by the injured party or his assignee.

If he elects to pursue his remedy against such third party, the employer or insurance carrier, as the case may be, is liable only for the deficiency, if any, between the amount of recovery against such other person actually collected and statutory compensation.

The exact question, whether the election and notice is a condition precedent to the maintenance of an action against such third person, has never been determined in this state. The question has been decided in other jurisdictions.

In Arthun v. City of Seattle, supra, arising under a statute almost identical with ours, in its applicable provisions it was held:

"In order that plaintiff, injured by municipal bus while engaged in performance of work for contractor, might sue city, it was not required that, in advance of suit, he make election to pursue common-law remedy against city; requirement of Workmen's Compensation Act (Rem. Com. Stat. sec. 7675) as to election being solely for the benefit of state in administration of accident fund."

Therein is cited the case of Lester v. Otis Elevator Company, 155 N. Y. S. 524, which construes section 29 of the N. Y. Statute, which is identical with our statute in its provision as to election, with certain provisions extending to the right of the dependents of the workman in case of death, and to the state for the benefit of the state insurance fund if compensation be payable therefrom. Therein it is held:

"Workmen's Compensation Law (Consol. Laws, c. 67; Laws 1913, c. 816) sec. 29, as re-enacted by Laws 1914, c. 41, providing that a workman entitled to compensation under the act, shall, before any suit or claim is brought, elect whether to take compensation under the act or to pursue his remedy against a third party, whose negligence caused the injury, which election shall be evidenced in such manner as the commission may prescribe, does not prevent an employee from bringing an action for damages against a third party, and notice of election to do so is not a condition precedent to the maintenance of the action; but, if he brings such action, he can make claim under the statute only for the deficiency between the recovery and the statutory compensation."

And:

"Workmen's Compensation Laws, secs. 2, 10, 11, 14-16, 50, 52, show that the purpose of the statute is not wholly to protect employees of the classes enumerated, and that it does not regulate actions brought against third parties, not employers, for injuries due to negligence; hence section 29, requiring the person injured to elect whether to proceed under the act or to sue the third party, does not curtail common-law remedies against the third person."

In the opinion it is said:

"It is doubtless a necessary conclusion that where an employee brings such an action without having duly evidenced his election to do so, he would not be entitled to any compensation under the statute, even though he did not recover in such action the full amount to which he would have been entitled under the statute. Such a situation could arise only through the failure of the employee to claim compensation under the statute and his disregard thereof in failing to give notice of his election."

To the same effect is the holding of this court in Ladd v. Hudson et al., 143 Okla. 174, 288 P. 331, except that it is there held that facts may be shown to justify the employee in not giving the notice as required by the statute and rule of the commission. It is clear then that the notice is not in law a condition precedent to the maintenance of a common-law action by an employee against a third party.

Eagle-Picher Lead Co. v. Kirby, 109 Okla. 96, 235 P. 176, is not in point. There the injured workman elected to take compensation under the Workmen's Compensation Law. In this case the plaintiff insists that he never accepted any benefits under the Workmen's Compensation Act, although the employer insisted that it paid doctor bills, hospital expenses, and full wages during the time Bushong was in the hospital. The court instructed the jury:

"If you find by a preponderance of the evidence that plaintiff has received and accepted compensation from his employer in compliance with the Workmen's Compensation Laws of Oklahoma, you will return your verdict in this case for the defendant."

The jury by its verdict found that plaintiff did not receive and accept compensation.

It is next contended that the court erred in allowing plaintiff to amend his petition, and in denying a continuance on account of such amendment.

There was no error in this. Evidence was introduced on the question covered by the amendment without objection, and the court was thereby justified in permitting the amendment so as to conform to the facts proven.

Defendant did ask for a continuance, but did not show any necessity therefor. It did not show wherein it was unable to meet the facts pleaded by the amendment. It did produce witnesses to contradict the evidence and made no contention that it could produce other evidence on the question it granted a continuance. There was no showing of prejudice.

Finally it is contended that the court erred in admitting in evidence, and instructing the jury concerning an order of the Corporation Commission effective April 1, 1915, requiring all gas pipe lines crossing public highways or roads used as public highways to be buried at least from 12 to 18 inches under the ground at such crossings.

The contention is that said order had no application to defendant in that there was no evidence that defendant is a "pipe line company, and within the jurisdiction of the Corporation Commission." The contention is that said order applies only to pipe line companies which are made "common carriers" and thereby brought under the supervision of the Corporation Commission, and that defendant is not such a carrier, in that the evidence shows that defendant was merely a producing company and using the pipe line to transport gas for its individual use from its well or wells to its plants.

Section 7905, C. O. S. 1921, effective March 26, 1913, provides:

"Every corporation * * * or other person * * * claiming the right to carry or transport natural gas by or through pipe lines or lines for hire, compensation or otherwise * * * or claiming the right to engage in the business of producing * * * natural gas * * * shall not * * * have or possess the right to locate, maintain or operate the necessary pipe lines, * * * on, over, along, across, through, in or under any present or future highway or part thereof within the state * * * except as authorized by and subject to the provisions of this act."

Section 7911, C. O. S. 1921, a part of the same act, provides:

"Every domestic pipe line company in this state is hereby given authority to build, construct, lay and maintain gas pipe lines over, under, across or through all highways, bridges, streets or alleys in this state or any public place under the supervision of the Corporation Commission as to where and how in said highways, bridges, streets, alleys and public places said pipe lines shall be laid. * * * Foreign corporations organized under the laws of any other state or territory, or the United States, and doing * * * business in this state, and which shall have become a body corporate pursuant to or in accordance with the laws of this state, and which as hereby provided, shall have registered its acceptance of the terms hereof, shall receive all the benefits by this act provided."

There is no showing how defendant acquired or claimed the right to construct its

gas pipe line across the highway other than under the above provisions of law. No other law is called to our attention under which defendant could obtain the right.

It must therefore be assumed that defendant acquired its right and was operating its pipe line under the above provisions, and there was no error in admitting the order in evidence and instructing the jury concerning its provisions.

The judgment is affirmed.

OSBORN, V. C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur. McNEILL. C. J., and BUSBY and PHELPS, JJ., absent.