UNITED STATES of America, Plaintiff,

v.

Jeffrey T. WILKINSON, Defendant.

No. 92–NCR–13W.

United States District Court,
D. Utah, N.D.

Aug. 13, 1992.

Nicholas J. Angelides, Hill Air Force Base, Utah, for plaintiff.

D. Bruce Oliver, Salt Lake City, Utah, for defendant.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court on defendant Jeffrey T. Wilkinson's Post Trial Motion for the Reconsideration of the Admission of Evidence. Both defendant and the United States submitted memoranda addressing the questions raised by defendant's motion. Neither party requested oral argument and the court deems such unnecessary. Having considered the parties' papers, and the facts and law relating to this matter, the court now renders the following Memorandum Decision and Order.

## BACKGROUND

On June 2, 1992, defendant was convicted by this court of driving under the influence of alcohol in violation of Utah Code Annotated § 41–6–44 (Supp.1992). This conviction arose from an incident at Hill Air Force Base on February 12, 1992, when defendant was cited by Hill Air Force Base Police Officers for allegedly driving while intoxicated and operating a vehicle without a front license plate. The charges against defendant were brought pursuant to the Assimilative Crimes Act, 18 U.S.C.A. §§ 13 (West 1969 & Supp.1992). The court's jurisdiction in this matter is based on 18 U.S.C.A. § 7 (West 1969 & Supp.1992).

At defendant's trial, the United States proffered the results of an intoxilyzer test performed on defendant at Hill Air Force Base shortly following his arrest. This test result showed that, at the time of the test, defendant had a blood alcohol content of approximately 0.195%, which was in ex-

cess of the legal limit under Utah law. In addition to the test result, the United States offered the testimony of three Hill Air Force Police Officers. These officers testified about defendant's behavior and appearance following his arrest, and about how the intoxilyzer test was administered.

As foundation for the intoxilyzer test results, the United States submitted three affidavits, which collectively were designated at trial and are referred to in this Order as "Exhibit 2."[1] The affidavits in Exhibit 2 establish that the intoxilyzer used to test defendant's blood alcohol content was in proper working order at the time the tests were performed.[2] The United States' proffered Exhibit 2 pursuant to the provisions of Utah Code Annotated § 41–6–44.3 (1988). Section 41–6–44.3 sets forth standards for admitting chemical breath test results into evidence in Utah courts.

Defendant objected to the United States' proffer of Exhibit 2. Defendant argued that the provisions of § 41–6–44.3 are procedural in nature and, therefore, not assimilated in to federal law under the Assimilative Crimes Act.

Despite defendant's objections, this court admitted Exhibit 2. At the time defendant's objection was made, neither defendant's counsel nor the government's counsel were able to cite the court to any case law that was pertinent to the objection.

The court then overruled the objection but, at the end of the trial, advised the defendant's counsel that he could file this motion. In a letter dated June 3, 1992, the court requested that in their memoranda, the parties also address the issue of whether Exhibit 2 is admissible under Federal Rule of Evidence 803(8), even though the United States did not mention rule 803(8) as the basis for its proffer.

## DISCUSSION

### A. *Issues Presented.*

Pursuant to the court's ruling at defendant's trial and its subsequent letter to the parties, consideration of defendant's post-trial motion raises two issues:

1. Did the court err in treating Utah Code Annotated § 41–6–44.3 (1988) as assimilated under the Assimilated Crimes Act, and admitting Exhibit 2 under § 41–6–44.3 instead of the relevant Federal Rules of Evidence?

2. If the court did err, is the error harmless on the grounds that Exhibit 2 is nonetheless admissible under Federal Rule of Evidence 803(8)?

Because the court believes that if Exhibit 2 is admissible under rule 803(8), the court's decision to admit it under § 41–6–44.3 was a harmless error, the court does not address the issue of whether the provisions of

---

1. Two other exhibits were admitted at defendant's trial. These consisted of the actual results of the intoxilyzer test and a checklist completed by the police officer administering the test. Although defendant objected to the admission of these exhibits at trial, he did not request that the court reconsider their admission and they are not the subject of his motion.

2. Two of the affidavits are copies of affidavits signed by Farrell A. Peterson, Certified Breath Test Technician, and entitled "Utah Dept. of Public Safety Record of Intoxilyzer Test and Affidavit." One of the Peterson affidavits is dated February 14, 1992, and the other is dated March 18, 1992; both are notarized. In his affidavits, Peterson avers that, in the course of his official duties, he checked an intoxilyzer with the serial number 94001081 located at Hill Field Security on the dates stated on the affidavits. Peterson also states that he conducted these checks in accord with the standards established by the Commissioner of the Utah Department of Public Safety and his affidavits are the official records of the checks. The information on Peterson's affidavits shows that at the times he checked the intoxilyzer, no repairs to the intoxilyzer were needed and the instrument was working properly.

Attached to the front of Peterson's affidavits is an original document entitled "Custodian Certificate," which is signed by Sergeant Christiaan Keering, Breathtesting Supervisor, Utah Highway Patrol. (Ex. 2, at 1.) In the Certificate, Keering avers that he is "the official keeper of and responsible for the maintenance check records of the breathtesting instruments maintained in the State of Utah." He states that the attached copies of Peterson's affidavits "are true and correct copies of the records of maintenance and certification for the *Intoxilyzer* serial number 94–001081 located at Hill Field Security," and that the affidavits are kept by Keering in the regular course of his duties. (*Id.*) Keering also avers that Peterson is certified as a breathtest technician by the State of Utah. The Certificate signed by Keering is under seal.

§ 41–6–44.3 are assimilated in this case by the Assimilative Crimes Act. Instead, the court turns directly to the issue of whether the Exhibit 2 is admissible under rule 803(8).

B. *Applicability of Federal Rule of Evidence 803(8).*

Federal Rule of Evidence 803(8), sets forth an exception to the hearsay rule for certain public records and reports, and provides:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) *matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel,* or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, *unless the sources of information or other circumstances indicate a lack of trustworthiness.*

Fed.R.Evid. 803(8) (emphasis added).

The court believes that this exception permits the admission of Exhibit 2 into evidence. The United States supports this position. Defendant, however, has presented three arguments as to why Exhibit 2 is not admissible under rule 803(8). First, defendant argues that Exhibit 2 is not admissible under subsection B of rule 803(8). Second, he asserts that this court is being unfair by considering the admissibility of Exhibit 2 under rule 803(8) after the trial, given that rule 803(8) was not a basis for the United States' original proffer. Third, defendant suggests that the United States

has failed to establish sufficient foundation for Exhibit 2.

1. Subsection B of rule 803(8)

Defendant claims that Exhibit 2 cannot be admitted under rule 803(8) because subsection B of the rule prevents admission against the defendant of public records of criminal matters observed by law enforcement personnel. Although he admits that subsection B has been interpreted by many courts not to bar admission of "nonadversarial" materials prepared by law enforcement officers, defendant claims that the foundational evidence proffered by the United States in Exhibit 2 is adversarial in nature. In support of this claim, defendant argues that because, as a general matter, affidavits such as those in Exhibit 2 are apparently prepared to purposefully conform to the requirements of § 41–6–44.3, they are inherently adversarial. Specifically, he points to language in § 41–6–44.3 stating, among other things, that records offered to prove that an intoxilyzer test is accurate are admissible if "the judge finds that they were made in the regular course of the investigation at or about the time of the act, condition, or event." Utah Code Ann. § 41–6–44.3(2)(a) (1988). According to defendant, this language deems affidavits like those in Exhibit 2 to be part of the state's investigation, and, therefore, makes them adversarial in nature.

■ Defendant's argument is without merit. Although defendant is correct in stating that rule 803(8)(B) bars the admission of adversarial materials prepared by law enforcement officers, defendant mistakenly characterizes the evidence at issue here as adversarial in nature. Although the United States Court of Appeals for the Tenth Circuit has not yet articulated its approach to rule 803(8)(B),[3] in a series of

---

**3.** This court was able to uncover only two decisions by the United States Court of Appeals for the Tenth Circuit that even remotely relate to the scope of Federal Rule of Evidence 803(8)(B). In neither case, however, did the Tenth Circuit articulate a general approach to the rule.

In *United States v. Hayes,* 861 F.2d 1225, 1229–30 (10th Cir.1988), the Tenth Circuit considered the propriety of the district court's deci-

sion to admit into evidence in a criminal tax evasion case computer data from the Internal Revenue Service. The computer data tended to show that the Hayes had failed to file income tax returns in 1981. The district court had admitted the evidence pursuant to the business records exception to the hearsay rule set forth in Federal Rule of Evidence 803(6). In affirming the district court, the Tenth Circuit ad-

recent cases that are directly on point with this case, the United States Court of Appeals for the Ninth Circuit has concluded that evidence such as that proffered by the United States in Exhibit 2 is admissible under rule 803(8).

In *United States v. Wilmer,* 799 F.2d 495 (9th Cir.1986), *cert. denied,* 481 U.S. 1004, 107 S.Ct. 1626, 95 L.Ed.2d 200 (1987), the district court had interpreted the Assimilative Crimes Act as requiring the court to use the state procedures for admitting an intoxilyzer calibration certificate as foundation for introducing the results of an intoxilyzer test. On appeal, the Ninth Circuit found the court's reliance on the state procedures to be error. However, the Ninth Circuit held that the error was harmless because the certificate was admissible under rule 803(8)(B). *Id.* at 501. In concluding that the evidence was admissible under rule 803(8)(B), the court noted that the rule is "intended to apply to observations made by law enforcement officials at the scene of a crime or the apprehension of the accused and not 'records of routine, nonadversarial matters' made in a nonadversarial setting." *Id.* (citations omitted). The court found that "the calibration report of a breathalyzer maintenance operator is a routine act far removed from the adversarial nature of the on-the-scene investigative report of a crime by a police officer whose perceptions might be clouded and untrustworthy." *Id.*

The holding of *Wilmer* was subsequently reaffirmed by the Ninth Circuit in *United States v. DeWater,* 846 F.2d 528 (9th Cir. 1988), where the court held that the actual results of a breathalyzer test are admissible under the exception to the hearsay rule set forth at rule 803(8)(B). According to the *DeWater* court:

> The performance of wet tests and the recording of test results is clearly within the regularly conducted business of a police department. Justification for the public records and reports exception is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independent of the record. Further justification lies in the reliability factors underlying records of regularly conducted activities generally.

*Id.* at 530 (citations omitted).

This court concludes that the foundational evidence proffered by the United States in the instant case is not the type of adversarial evidence that is excluded from rule 803(8)(B)'s exception to the hearsay rule. The contents of the affidavits that comprise Exhibit 2 suggest that they were prepared in connection with routine, regularly scheduled maintenance checks of the intoxilyzer used at Hill Air Force Base. There is no basis in the record to suggest that these checks were specially performed for use in the case against defendant, and, in fact, they do not even mention his name.

---

dressed Hayes' contention that the evidence was barred under the line of cases originating with the United States Court of Appeals for the Second Circuit's decision in *United States v. Oates,* 560 F.2d 45 (2nd Cir.1977). *Hayes,* 861 F.2d at 1229–31. *See also infra* note 5 (discussing *Oates* ). Generally, the *Oates* line of cases holds that documents prepared by law enforcement personnel are not admissible against defendants in criminal cases under Federal Rules of Evidence 803(6) and 803(8). The Tenth Circuit noted that the *Oates* decision has been criticized and a number of United States Courts of Appeals have declined to follow it. The Tenth Circuit, however, found it unnecessary to adopt or reject *Oates* on the grounds that *Oates* was distinguishable because the Internal Revenue Service agent who found the computer data testified at Hayes' trial.

The *Hayes* court also sought to distinguish and clarify one of its own prior cases relating to

rule 803(8). Hayes argued that the Internal Revenue Service's computer data was inadmissible under the Tenth Circuit's decision in *United States v. Bohrer,* 807 F.2d 159, 162 (10th Cir. 1986). In *Bohrer,* the court found that an Internal Revenue Service "contact card," which suggested that Bohrer had failed to file a tax return, was inadmissible under rule 803(6) because it had been maintained for the purposes of litigation by the party offering it. *Bohrer,* 807 F.2d at 162 (citing *Palmer v. Hoffman,* 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943)). The *Hayes* court noted that in *Bohrer,* the court specifically reserved the issue of whether *Oates* should be adopted as the rule of the circuit. Moreover, the *Hayes* court noted that facts of *Bohrer* were also distinguishable from Hayes' case because there was evidence in *Bohrer* that the contact card was untrustworthy. *Hayes,* 861 F.2d at 1230.

Instead, the affidavits comprising Exhibit 2 state that they were prepared in the normal course of Peterson's official duties, and the intervals at which the tests were conducted bear this out. Furthermore, there is no reason in the record nor has defendant provided a reason why this evidence should be deemed untrustworthy. As such, the court does not believe that the technician who performed these tests or his supervisor had any "personal stake in the outcome of individual cases" or "motivation to misrepresent the test results or records." *DeWater*, 846 F.2d at 530.

The court rejects defendant's argument that because the contents of Exhibit 2 conform to the requirements of § 41–6–44.3, they are by nature adversarial. On the contrary, the court finds that if the fact that Exhibit 2 conforms to the requirements of the Utah statute has any bearing, it provides the Exhibit with uniformity and reliability for the purposes of laying foundation for the introduction of intoxilyzer test results.[4] If defendant's argument were applied to its full extent, no document that was prepared to conform to an evidentiary rule would ever be admissible against a criminal defendant. If defendant's theory were "[a]pplied literally, for example, it would destroy fingerprinting and other modern police practices relying on official records, computers or other scientific advances."[5] 4 Jack B. Weinstein, *Weinstein's Evidence* ¶ 803(8)[04], at 803–260 (1991) (referring to the United States Court of Appeals for the Second Circuit's restrictive interpretation of rule 803(8)(B) in *United States v. Oates*, 560 F.2d 45 (2nd Cir. 1977)).

Based on the foregoing, this court concludes that Exhibit 2 is admissible in evidence under rule 803(8)(B).

2. Propriety of the Court's Decision to Consider the Admissibility of Exhibit 2 Under Rule 803(8)

■ Defendant next argues that it is improper for this court to even consider the admissibility of Exhibit 2 under rule 803(8) after the trial has ended, because the United States failed to proffer this as a basis for admission during the trial. According to defendant, *"[t]he government waived any proffer under 803(8) by not raising it at trial!"* (Rep.Mem., at 2.) Defendant claims that for this court to admit the affidavits on a theory not put forward at trial "would be a substantial deprivation of due process and a violation of [defendant's] constitutional protection." (*Id.*) He asserts that this is "the most important and potent objection to admission" of Exhibit 2 under rule 803(8), and declares that the "case law is abundant" in support of his position. (*Id.*) According to defendant, "[a]ll the argument in the world does not change" his theory. (*Id.*) Yet, despite these grandiose claims, defendant fails to offer a single authority in support of his position.

This is because defendant's position is untenable. Under Federal Rule of Evidence 103, "[e]rror may not be predicated

4. This is not to say that the court finds that because Exhibit 2 is admissible under Utah Code Annotated § 41–6–44.3 (Supp.1992), it is necessarily admissible under Federal Rule of Evidence 803(8)(B). The fact that the evidence is deemed reliable under the Utah statutory scheme, however, should not mean that the evidence is *per se* inadmissible under the Federal Rules of Evidence. Nor should it be that the court cannot consider the reliability of the evidence under § 41–6–44.3 as a factor in deciding whether it is trustworthy under rule 803(8).

5. In support of his position that Exhibit 2 is not admissible under rule 803(8)(B), defendant also makes passing reference to *United States v. Oates*, 560 F.2d 45 (2nd Cir.1977), in which a panel of the United States Court of Appeals for the Second Circuit explicated a very restrictive

interpretation of the type of evidence that could be admitted under rule 803(8)(B). This court, however, does not feel constrained to follow *Oates*.

The *Oates* decision has been sharply criticized. *See, e.g.*, 4 Jack B. Weinstein, *Weinstein's Evidence* ¶ 803(8)[04], at 803–260 (1991) ("the dicta in *Oates* is unjustified and pernicious in effect"). This criticism has been noted by the Tenth Circuit. *See United States v. Hayes*, 861 F.2d 1225, 1229–30 (10th Cir.1988). *See also supra* note 3 (discussing *Hayes*). Indeed, even another panel of the Second Circuit has refused to extend the holding in the *Oates* decision. *See, e.g., United States v. Yakobov*, 712 F.2d 20, 24–27 (2nd Cir.1983) (refusing to extend *Oates* to rule 803(10)).

upon a ruling which admits or excludes evidence unless a substantial right of the party is effected." Nowhere in his arguments to this court has defendant explained how the court's decision to reconsider after trial the basis for admitting Exhibit 2 affects defendant's substantial rights. In fact, aside from vague allusions to "due process" and "constitutional protection" defendant has not even articulated what substantial rights have been affected by this decision.

This court may have erred in admitting the affidavits under § 41–6–44.3. Any error, however, is harmless in light of the court's finding that the affidavits are admissible under rule 803(8). *Wilmer*, 799 F.2d at 501. *See also SEC v. Chenery Corp.*, 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943) ("[T]he settled rule [is] that, in reviewing the decision of a lower court, it must be affirmed if the result is correct 'although the lower court relied upon a wrong ground or gave a wrong reason.'") (citation omitted); *United States v. Willie*, 941 F.2d 1384, 1396 n. 9 (10th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1200, 117 L.Ed.2d 440 (1992) ("We may affirm the decision of a lower court on other grounds supported by the record, even if not relied upon by the district court."). Moreover, the court believes that any prejudice defendant may have suffered from the court's decision at trial has been cured by the court's decision to reserve consideration of this issue. Indeed, the court has given defendant ample post-trial opportunity to present argument on this issue. Yet, despite these opportunities, defendant has not presented a single fact as to why the government's intoxilyzer evidence should be deemed untrustworthy under either § 41–6–44.3 or rule 803(8). Under these circumstances, the court has difficulty understanding how defendant's substantive rights have been impacted.

### 3. Adequacy of Foundation for Admission of Exhibit 2

Finally, defendant asserts in confusing terms that the government failed to establish sufficient foundation for admitting Exhibit 2. In his opening memorandum, defendant asserts that "[b]ased upon 803 it is assumed that there will at least be an individual there to testify to the accuracy and correctness of the documents." (Mem. Supp.Mot., at 4.) In his reply memorandum, however, defendant specifically states that "[w]hether or not there must be testimony for the admission of the evidence is not critical in this case. (The defendant still contends that it does require testimony)." (Rep.Mem., at 3.) Yet, defendant offers no further insight into how he would prefer to see foundation for Exhibit 2 established. Defendant also fails to cite any authority in support of his position.

██ Once again, this court is compelled to reject defendant's argument. The court finds that the affidavits comprising Exhibit 2 are self-authenticating documents under Federal Rule of Evidence 902(4). Furthermore, defendant has failed to offer any reason nor is there any reason in the record to believe that these documents are unreliable or untrustworthy. As such, the court finds that no additional testimonial foundation is required for their admission into evidence in this matter.[6]

---

**6.** Defendant in this motion has elected not to pursue any claim that the admission of Exhibit 2 might violate his rights under the confrontation clause of the Sixth Amendment of the United States Constitution. His memorandum states that "while that may be a valid argument for the defendant to raise it is not the subject of this Motion nor was it the basis for defendant's objections at trial." (Rep.Mem., at 1.) Yet, defendant also wonders whether "[i]t may well be that if these records were to be considered to be admissible under 803(8) [sic] then there may be a substantial violation of the right of confrontation." (Rep.Mem., at 3.)

The United States Supreme Court has held that "[b]ecause 'hearsay rules and the Confrontation Clause are generally designed to protect similar values,' and 'stem from the same roots,' ... no independent inquiry into reliability is required when evidence 'falls within a firmly rooted hearsay exception.'" *Bourjaily v. United States*, 483 U.S. 171, 182–83, 107 S.Ct. 2775, 2782–83, 97 L.Ed.2d 144 (1987) (discussing co-conspirator exception to the hearsay rule) (citations omitted). This court believes that the public records exception is firmly rooted as a hearsay exception, and that no independent inquiry into the reliability of the intoxilyzer evidence at issue here is required. *See DeWater*, 846 F.2d at

## CONCLUSION

In summary, this court declines to decide whether it erred in admitting Exhibit 2 under Utah Code Annotated § 41–6–44.3. This is because even if the court did err, the court finds that the exhibit is admissible under Federal Rule of Evidence 803(8)(B) and the error was therefore harmless.

Accordingly, IT IS HEREBY ORDERED that defendant Jeffrey T. Wilkinson's Post Trial Motion for the Reconsideration of the Admission of Evidence is denied.

530 (rejecting confrontation clause challenge to admission of breathalyzer test results).