2007 OK CIV APP 56

**Wendall Jack DERRICK, Plaintiff/Appellant,**

v.

**STATE of Oklahoma, ex rel. DEPART-MENT OF PUBLIC SAFETY, Defendant/Appellee.**

**No. 103,739.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 29, 2007.

Rehearing Denied March 6, 2007.

Certiorari Denied May 21, 2007.

Charles L. Sifers, Oklahoma City, Oklahoma, for Appellant.

A. DeAnn Taylor, Deputy Chief Legal Counsel, Oklahoma Department of Public Safety, Oklahoma City, Oklahoma, for Appellee.

LARRY JOPLIN, Presiding Judge.

¶ 1 Plaintiff/Appellant Wendall Jack Derrick (Derrick) seeks review of the trial court's order granting the motion to vacate/reconsider of Defendant/Appellee State

of Oklahoma, ex rel. Department of Public Safety (DPS or State), and thereby sustaining the revocation of Derrick's driver's license. In this appeal, Derrick complains the trial court erred in admitting and considering the maintenance log of a breath testing device as proof of the proper maintenance and operation of the device used in the present case. However, we discern no error as alleged. The order of the trial court is affirmed.

¶ 2 On or about October 13, 2005, an officer of the Mustang Police Department arrested Derrick for actual physical control of a motor vehicle while under the influence of alcohol, a violation of 47 O.S. 11–902 (A). Derrick submitted to a breath test, conducted on an Intoxilyzer Model 5000–D, revealing a blood-alcohol concentration of 0.16. DPS consequently issued an order revoking Derrick's driver's license.

¶ 3 Derrick sought review of the order of revocation. An administrative hearing officer held the order of revocation should be affirmed.

¶ 4 Derrick then filed his Petition for Review in the trial court. At the hearing on the merits, only the arresting officer testified. On direct examination, the arresting officer testified concerning the facts and circumstances surrounding Derrick's arrest, and the administration of a breath test to Derrick. On cross-examination, the arresting officer testified that the device used to analyze Derrick's breath sample was an older Intoxilyzer Model 5000–D, not the newer, "enhanced" version, and that he was not trained to administer tests on the "enhanced" model.

¶ 5 State offered a certified copy of the maintenance log to demonstrate the administration of a valid breath test to Derrick on a properly maintained Intoxilyzer Model 5000–D according to the procedures mandated by statute and the Board of Tests for Alcohol and Drug Influence. See, 47 O.S. 759 (B); O.A.C. 40:30–1–3.1. Derrick objected to admission of the maintenance log absent the testimony and cross-examination of the maintenance supervisor demonstrating the actual performance of all maintenance by an authorized person as mandated by O.A.C. 40:30–1–3.1(e).[1] *Westerman v. State,* 1974 OK CR 151, ¶ 11, 525 P.2d 1359, 1361. *See also, Crawford v. Washington,* 541 U.S. 36, 59, 124 S.Ct. 1354, 1369, 158 L.Ed.2d 177 (U.S.Wash. 2004). State argued the face of the maintenance log demonstrated compliance with O.A.C. 40:30–1–3.1(e), and the maintenance log was admissible under the "public record" exception to the hearsay rule, 12 O.S. 2803 (8).

¶ 6 The trial court admitted the maintenance log "to show that the log was kept; that the subject plaintiff was tested and that record was kept," but not to show the accuracy of simulator control test results on a properly maintained device.[2] The trial court consequently held State failed to meet its

1. Section 40:30–1–3.1(e) provides: "Administrative Maintenance shall be performed as follows on the above listed equipment at least once during each thirty (30) day period and not later than thirty (30) days since the last prior such maintenance, or after the testing of twenty five (25) subjects, whichever occurs first, by a person possessing a valid Breath Alcohol Analysis Specialist permit issued by this Board: (1) A thorough inspection of the equipment for cleanliness and determination that it is in proper operating condition shall be performed. (2) The reference ethyl alcohol solution in the alcoholic breath simulator device shall be replaced with new solution and one (1) or more verification analyses performed with the new solution. Each verification analysis shall be performed in accordance with the Operating Procedure(s) prescribed by the State Director of Tests for Alcohol and Drug Influence. The result of each such verification analysis must coincide with the corresponding vapor-alcohol concentration target value within plus or minus one-hundredths gram per two hundred and ten liters ($\pm$ 0.01g/210 L). (3) The administrative maintenance performed, shall include; results of said verification analyses, the date of inspection, and a written record of the inspection will be entered in the applicable portions of the Intoxilyzer 5000–D Log of Tests and Maintenance Record (or equivalent) form prescribed and approved by the State Director of Tests for Alcohol and Drug Influence. One (1) copy of each such completed written inspection and maintenance record form shall be forwarded to the Administrative Offices of the Board, within 10 days of the solution change."

2. On the record, the trial court announced, "as for the simulator control test results, I don't know that [the maintenance log] satisfactorily establishes that without the [testimony of the] person who did the test, ... maintenance, offering and showing how he did it."

burden of proof, and set aside the order revoking Derrick's driver's license.

¶ 7 State filed a motion to reconsider or vacate, challenging the trial court's decision to admit the maintenance log only for the announced limited purpose. State again argued the maintenance log constituted probative and admissible evidence of the proper maintenance and operation of the breathalyzer under the "public record" exception to the hearsay rule, 12 O.S. 2803 (8), and, when combined with the testimony of the arresting officer, established the proper administration of a valid breath test on a properly maintained breath testing device to Derrick. Derrick responded, arguing the trial court properly excluded consideration of the maintenance log and properly held State failed its burden of proof.

¶ 8 On consideration of the briefs and argument, the trial court granted State's motion to reconsider or vacate, and sustained the order of revocation with modification to allow Derrick limited driving privileges. Derrick appeals.

¶ 9 In his sole proposition of error,[3,4] Derrick complains that, according to *Westerman* and its progeny, a maintenance log is admissible to prove the proper maintenance and operation of a breath testing device, even without the testimony of the maintenance supervisor, *but only* "if it can be shown through other testimony that there was compliance of all regulations" for the proper maintenance and operation of the device, absent in the present case. 1974 OK CR 151, ¶ 11, 525 P.2d at 1361. Further, says Derrick, and even assuming admissibility of the maintenance log under § 2803(8), the maintenance log does not demonstrate *full* compliance with *all* the maintenance procedures of O.A.C. 40:30–1–3.1(e).[5]

¶ 10 State responds, arguing that the maintenance log constitutes a self-authenticating document under 12 O.S. 2902 (1), and within the "public record" exception to the hearsay rule of § 2803(8). *See also, U.S. v. Wilmer,* 799 F.2d 495, 501 (9th Cir.(Wash.) 1986), cert. denied, 481 U.S. 1004, 107 S.Ct. 1626, 95 L.Ed.2d 200 (1987);[6] *U.S. v. DeWater,* 846 F.2d 528, 529 (9th Cir.(Haw.) 1988);[7]

---

3. By failure to assert it in his brief in chief on appeal, Derrick has abandoned his at-trial objection to admission of the maintenance log under the Confrontation Clause of the Sixth Amendment to the United States' Constitution. *See, e.g., Peters v. Golden Oil Company,* 1979 OK 123, ¶ 3, 600 P.2d 330, 331 ("Assignments of error which are not argued or supported in the brief with citations of authority will be considered and treated as waived by the court. (Citations omitted.)")

4. In support of its motion to vacate below, State cited a not-yet-final opinion of the Court of Civil Appeals from *Clark v. State of Oklahoma, ex rel. Department of Public Safety,* Case No. 101,831 (Ok. Civ.App. Div. IV, April 25, 2006) (Released for Publication by Order of the Court of Civil Appeals) (Petition for Rehearing granted "for the limited purpose of amending our holding of 'reversed' to 'judgment sustaining licensee's demurrer to state's evidence reversed [and] case remanded for further proceedings," January 5, 2007.) Derrick complains of this improper citation of authority in a footnote to the "Summary of Record" section of his brief in chief. See, 20 O.S. 30.5 ("... No opinion of the Court of Civil Appeals shall be binding or cited as precedent unless it shall have been approved by the majority of the justices of the Supreme Court for publication in the official reporter...."); Ok.S.Ct.R. 1.200(c)(2), 12 O.S., Ch. 15, App. 1 ("Opinions of the Court of Civil Appeals which resolve novel or unusual issues may be designated for publica-

tion, at the time the opinion is adopted, by affirmative vote of at least two members of the division responsible for the opinion[,][but][s]uch opinions shall remain unpublished until after mandate issues,....") Having reviewed the record in this respect, however, we find no error warranting appellate intervention.

5. Particularly, that the maintenance log did not reflect the cleaning of the unit, the use of the proper reference solution, or the performance of verification analyses "in accordance with the operating procedures prescribed by the State Director of Tests for Alcohol and Drug Influence." O.A.C. 40:30–1–3.1(e)(1), (2).

6. "The government offered the report of the person who calibrated the breathalyzer machine as part of the foundation for introducing the result obtained in the analysis of [defendant's] breath sample;" "The trial court did not abuse its discretion in admitting the calibration certificate. The court's error in relying on Washington law in overruling [defendant's] objection was harmless because the evidence was admissible under Rule 803(8)(B)."

7. "The Federal Rules of Evidence apply to this case.... The performance of wet tests and the recording of test results is clearly within the regularly conducted business of a police department. Justification for the public records and

*U.S. v. Wilkinson,* 804 F.Supp. 263, 266–267 (D.C.Utah 1992);[8] *Frost v. North Dakota Department of Transportation,* 487 N.W.2d 6, 11 (N.D.1992).[9] State here asserts the law presumes that the persons in charge of maintaining public records perform their required duties without motivation to misrepresent the facts, and that public records consequently enjoy a presumption of trustworthiness. *Wilmer,* 799 F.2d at 501; *DeWater,* 846 F.2d at 529; *Wilkinson,* 804 F.Supp. at 267; *Frost,* 487 N.W.2d at 11. And, says State, the testimony of the arresting officer, together with the maintenance log, reflect full compliance with the maintenance requirements of O.A.C. 40:30–1–3.1(e).

¶ 11 District Court review of a driver's license revocation is conducted de novo, "with the 'trial de novo' being a trial of the entire case anew, both on the law and on the facts." *Appeal of Dungan,* 1984 OK 21, ¶ 7,

681 P.2d 750, 752; *Matter of Braddy,* 1980 OK 44, ¶ 12, 611 P.2d 235, 237–238. The State bears the burden of proof, by a preponderance of the evidence, to demonstrate all facts necessary to sustain the revocation, including the operation/actual physical control of a motor vehicle while intoxicated, a valid arrest, proper advice of rights and consequences, as well as consent to and performance of a valid test on a properly maintained testing device. 47 O.S. 754 (F)(1); 47 O.S. 6–211; *Smith v. State, ex rel. Dept. of Public Safety,* 1984 OK 16, ¶¶ 6–8, 680 P.2d 365, 368; *Westerman,* 1974 OK CR 151, ¶ 11, 525 P.2d at 1361.

¶ 12 The trial court's judgment to admit evidence under one of the hearsay exceptions of § 2803 will not be disturbed absent an abuse of discretion. *See, e.g., Kerr v. Clary,* 2001 OK 90, ¶ 15, 37 P.3d 841, 844.[10]

reports exception is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record. Further justification lies in the reliability factors underlying records of regularly conducted activities generally;" "We find unavailing and incorrect appellants' argument that the evidence was unreliable and untrustworthy because the authors of the report containing the test results had strong motivations to misrepresent. The supervisors who performed the wet tests have no personal stake in the outcome of individual cases contrary to appellants' contention. Furthermore, nothing in the record reveals a motivation to misrepresent the test results or records. The preparation of this report is a routine, non-adversarial act made in a non-adversarial setting;" "The district court did not abuse its discretion ... in finding the test results admissible under the public records and reports exception to the hearsay rule."

8. "As foundation for the intoxilyzer test results, the United States submitted three affidavits, which collectively were designated at trial and are referred to in this Order as 'Exhibit 2.' The affidavits in Exhibit 2 establish that the intoxilyzer used to test defendant's blood alcohol content was in proper working order at the time the tests were performed. The United States' proffered Exhibit 2 pursuant to the provisions of Utah Code Annotated § 41–6–44.3 (1988) [which] sets forth standards for admitting chemical breath test results into evidence in Utah courts;" "[T]he foundational evidence proffered by the United States in the instant case is not the type of adversarial evidence that is excluded from rule 803(8)(B)'s exception to the hearsay rule. The contents of the affidavits that comprise Exhibit 2 suggest that they were prepared in connection

with routine, regularly scheduled maintenance checks of the intoxilyzer used at Hill Air Force Base. There is no basis in the record to suggest that these checks were specially performed for use in the case against defendant, and, in fact, they do not even mention his name. Instead, the affidavits comprising Exhibit 2 state that they were prepared in the normal course of Peterson's official duties, and the intervals at which the tests were conducted bear this out. Furthermore, there is no reason in the record nor has defendant provided a reason why this evidence should be deemed untrustworthy. As such, the court does not believe that the technician who performed these tests or his supervisor had any 'personal stake in the outcome of individual cases' or 'motivation to misrepresent the test results or records;' " "Based on the foregoing, this court concludes that Exhibit 2 is admissible in evidence under rule 803(8)(B)."

9. "[C]ertified copies of the [breathalyzer] operational checklist, of the approved methods filed by the state toxicologist with the clerk of district court, and of records showing that the device was approved and that the operator was qualified, are admissible to prove fair administration of the test;" "The checklist and test record are hearsay as defined by [the North Dakota Rules of Evidence] 801(c). However, because they are 'regularly kept records of the commissioner' pursuant to [statute], they are subject to admission under the public records and reports exception to the hearsay rule."

10. "The trial court did not abuse its judicial discretion in admitting the testimony of Kerr, the child's counselor, and the DHS employee concerning the statements of sexual abuse made by

On appeal in driver's license cases, we will not reverse the trial court's judgment "if there is any evidence, or any reasonable inference to be drawn therefrom, which tends to support [the lower court's] findings." *Smith,* 1984 OK 16, ¶ 7, 680 P.2d at 368. On review of the trial court's order granting a motion to vacate, and given the trial court's "virtually unlimited" discretion in such matters, we will not disturb the trial court's judgment unless affected by an abuse of discretion. *See, e.g., Schepp v. Hess,* 1989 OK 28, ¶¶ 8, 9, 770 P.2d 34, 38.

¶ 13 Both federal and state courts recognize that a breathalyzer maintenance record, when kept as required by law, constitutes admissible evidence of a properly maintained device within the "public records" exception to the hearsay rule of F.R.E. 803(8), and adopted in the various states. *Wilmer,* 799 F.2d at 501; *DeWater,* 846 F.2d at 529; *Wilkinson,* 804 F.Supp. at 267; *Frost,* 487 N.W.2d at 11. And, Derrick concedes that compliance with the rules and regulations for the maintenance and operation of breathalyzers may be shown otherwise than by the direct testimony of the maintenance supervisor. *Westerman,* 1974 OK CR 151, ¶ 11, 525 P.2d at 1362.

¶ 14 Under these circumstances, we hold a breathalyzer maintenance log is admissible under the § 2803(8) public records exception to the hearsay rule. Further, because a public record carries with it the imprimatur of compliance with the requirements for its keeping, we hold that a breathalyzer maintenance log is admissible as prima facie evidence of compliance with the rules and regulations for the proper operation and maintenance of breathalyzers, even absent the testimony of the maintenance supervisor, particularly where, as here, there is absolutely no evidence of any kind suggesting otherwise than a properly administered breath test on a properly maintained and operating breath testing device.

¶ 15 We therefore conclude the trial court did not abuse its discretion in admitting the breathalyzer maintenance log or in granting the child" under the residual hearsay exception

State's motion to vacate or reconsider as to affirm the revocation of Derrick's driver's license. The order of the trial court is AFFIRMED.

ADAMS, J., and MITCHELL, V.C.J., concur.