FREJO v. STATE ex rel. DEPT. of PUBLIC SAFETY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:FREJO v. STATE ex rel. DEPT. of PUBLIC SAFETY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 FREJO v. STATE ex rel. DEPT. of PUBLIC SAFETY
2019 OK CIV APP 63
Case Number: 117050
Decided: 02/15/2019
Mandate Issued: 10/30/2019
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2019 OK CIV APP 63, __ P.3d __

 

EMMERY L. FREJO, Plaintiff/Appellant,
v.
STATE of OKLAHOMA, ex rel., DEPARTMENT of PUBLIC SAFETY, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE JAMES B. CROY, TRIAL JUDGE

AFFIRMED

Nicholas Lee, Norman, Oklahoma, for Appellant,

Megan Simpson, Oklahoma City, Oklahoma, for Appellee.

Larry Joplin, Presiding Judge:

¶1 Appellant, Emmery Frejo, appeals the order revoking her driver's license, issued by the district court on April 24, 2018 for driving under the influence (DUI) on October 13, 2017. Appellant Frejo asserts four propositions of error in her appeal. First, she asserts the Department of Public Safety (DPS) filed an amended order on the eve of Appellant's April 24, 2018 appeal hearing before the district court (order dated April 23, 2018) that provided a different basis on which to revoke her driver's license from that which was indicated in the March 12, 2018 final order from DPS. Appellant's second proposition asserts she was not granted a speedy trial within the sixty (60) day guideline provided in Nichols v. Dep't of Public Safety, 2017 OK 20, 392 P.3d 692. Appellant's third proposition asserts DPS failed to conduct the testing on Appellant's breath specimens in accordance with Board of Tests rules and on properly maintained and approved equipment. Appellant's fourth proposition of error asserts the equipment used for the bench checks performed on the breathalyser equipment was not approved by the Board of Tests and therefore violated the Board of Tests rules.

¶2 The right to appeal to the district court from a denial of driving privileges resulting from implied consent revocations is provided for in 47 O.S. Supp.2011 §6-211 and the district court's review of the agency's order is de novo. Appeal of Dungan, 1984 OK 21, 681 P.2d 750, 752.[1]

¶3 Appellant was driving shortly before midnight on October 13, 2017 when a highway patrol officer observed her failure to stay in a single lane of traffic and she struck the curb, after which the officer stopped Appellant's vehicle. When the officer stopped the car, he noted the smell of alcohol and asked Appellant to exit the car so that he might determine if the alcohol odor was coming from Appellant or her passenger. The officer testified he believed the smell of alcohol was noticeable on Appellant when she was out of the car and he proceeded to conduct several field sobriety tests as a result, noting multiple signs of intoxication with each of the tests.

¶4 The officer transported Appellant to the Oklahoma County Jail to conduct a breathalyser test using the Intoxilyzer 8000 located at the jail. The officer was trained to operate the machine and received a permit after his training, which was up to date at the time he conducted Appellant's breath tests. Appellant had a twenty-four (24) minute period of "deprivation" prior to the breath tests. The two breath samples taken within four (4) minutes of each other both resulted in readings of .20.

¶5 On October 16, 2017, Appellant requested an administrative hearing. The hearing was set for December 4, 2017. DPS continued the hearing without explanation and it was later set for January 23, 2018, outside the sixty (60) day guideline provided for in Nichols v. State ex rel. Dep't of Public Safety, 2017 OK 20, ¶29, 392 P.3d at 698.

¶6 The January 23, 2018 hearing resulted in a revocation order dated March 12, 2018, which stated Appellant "refused to submit to a chemical test after being requested to do so." From this March 12, 2018 order Appellant appealed to the district court. The appeal before the district court was set for April 24, 2018. On April 23, 2018, DPS filed an "amended order" stating Appellant's license was being revoked due to test results showing "an alcohol concentration of 0.08 or more and said test was taken within two hours of the arrest[.]" At the hearing the next day, Appellant objected to the eleventh hour amendment of the March order from which she had appealed. The court overruled the objection and proceeded with the hearing using the amended April 23, 2018 order which set forth a different basis for Appellant's license revocation. The district court issued the appealed from order on April 24, 2018 sustaining the revocation of Appellant's driving privileges and permitting issuance of a modified driver's license with the operation of an ignition interlock device. From this order Appellant brings the instant appeal.

¶7 Appellant's first proposition of error asserts the district court erred when it overruled her objection to the Department's April 23, 2018 filing of an amended order. The appeal of a DPS license revocation to the district court is provided for in 47 O.S. Supp.2011 §6-211. DPS argues there was no harm caused to Appellant by virtue of the April amendment to the March order.

¶8 The Oklahoma Supreme Court has determined that a driver's claim to a driver's license is a protectable property interest and is subject to due process guarantees. Trusty v. State ex rel. Dep't of Public Safety, 2016 OK 94, ¶12, 381 P.3d 726, 731. At the same time, the Oklahoma Supreme Court has held "that an order granting or refusing an application for continuance would not be reversed on appeal unless it was clear that there was an abuse of discretion." Riley v. Lindley, 1946 OK 27, 165 P.2d 633, 634; 12 O.S. 2001 §667.

¶9 We agree with Appellant that there was not an order implicating her test results until the April 23, 2018 amended order was filed. However, Appellant had knowledge of the events the night of her arrest, she was aware she participated in the breath tests, and Appellant had previously defended the revocation on the basis of the elevated tests at the agency hearing on January 23, 2018. In addition, Appellant does not provide a record of how her defense would have been impacted, she does not elaborate regarding additional witnesses which she was not able to call due to being denied a continuance, nor does she explain whether her questioning of the highway patrol officer would have been different had she been given additional time to prepare. Keener Oil & Gas v. Bushong, 1936 OK 147, 56 P.2d 819 (absent showing by the defendant of a necessity to properly present its defense, court's denial of motion for continuance was not in error). Under the circumstances of this case, we do not find the trial court abused its discretion when it denied Appellant's request for a continuance and required her to proceed at the district court appeal under the terms of the amended order.

¶10 Appellant's second proposition of error asserts she was denied a right to a speedy trial because her administrative hearing was not conducted within sixty (60) days. In Nichols v. Dep't of Public Safety, 2017 OK 20, ¶29, 392 P.3d at 698, the Oklahoma Supreme Court found the Department of Public Safety hearing should be held within sixty (60) days of the Department's receipt of notice of the driver's hearing request.

There is no question that the issue of whether revocation proceedings are taking place in a timely manner is one of increasing concern. At least three Court of Civil Appeals cases have addressed the issue. It is also impossible for strict rules to exist which will govern the issue in all causes, as facts will vary largely. Nevertheless, we find it necessary to give some guidance to the Department to assist it in determining a time frame in which it can avoid being subject to claims of violating the constitutional right to a speedy jury trial.

The Department should give notice of revocation in a timely manner. Notice should be given within ten (10) days after receipt of blood tests when the arresting officer will be available to testify. If the officer is not able to appear when test results are received, notice should be given immediately upon the officer being made available to testify. Thereafter, if the driver requests a hearing, the proceeding should be held within sixty (60) days of the Department's receipt of notice. Where these time frames are followed, the delay, absent extenuating circumstances, should not be found to weigh against the Department.

Nichols, 2017 OK, 20, ¶¶28-29, 392 P.3d at 698 (emphasis added).

¶11 Without explanation, DPS continued Appellant's scheduled December 4, 2017 agency hearing to January 23, 2018. As a result, the hearing was outside the sixty (60) day guideline provided for in the Nichols case. It became apparent at the January 23rd proceeding that the officer had a conflict with the court date due to a sick child. Appellant concedes in her appellate brief that taking care of a sick child is an "extenuating circumstance" as described in Nichols. However, she asserts there was still ample time to set the hearing on or before December 22, 2017, which would have been the sixtieth day from her request for hearing. DPS argues getting the hearing reset within the sixty-day period was not practical in view of the notices DPS was required to give, the officer's availability and the condensed holiday schedule.

¶12 Nichols states the sixty days is a guideline and not a strict rule. Id. And Appellant conceded the officer's inability to be at the December 4th hearing date was an "extenuating circumstance." In view of the rule not being strict, the officer's inability to be at the hearing as it was originally scheduled, the holiday scheduling issues and the fact the hearing was scheduled the next month in January, we decline to find the January 23, 2018 hearing violated Appellant's right to a speedy trial.

¶13 Appellant's third proposition of error asserts Appellant's breath specimens were not done in compliance with Board of Tests for Alcohol and Drug Influence (Board or the Board) rules. Specifically, Appellant asserts her breath tests were done by a dry gas reference method and DPS provided no witness or evidentiary material to establish that the I-8000 machine used to analyze Appellant's breath specimens contained a required nitrogen-ethanol dry gas reference method. O.A.C. 40:30-1-3(e).[2] Alternatively, Appellant argues DPS could have presented evidence the dry canister used contained a manufacturer's label with a .08 target value and DPS failed this as well. O.A.C. 40:25-1-3.[3]

¶14 DPS argues O.A.C. 40:25-1-3 permits use of "[a]ny pressurized dry gas canister labeled by the manufacturer with a target value of 0.080 BAC, 2% or .002" and exhibit 5 lists the ethanol/nitrogen components for the canisters and the air test results indicating compliance with the .08 target value. O.A.C. 40:25-1-3(a) (emphasis added). DPS also argues Appellant's reliance on the maintenance provisions of O.A.C. 40:30-1-3(e) is misplaced, because this provision states when maintenance is done, while the approval for the canisters themselves is outlined in O.A.C. 40:25-1-3. Upon the record provided, including exhibit 5, we find no relief is available on this proposition of error.

¶15 Appellant's fourth proposition of error asserts the maintenance procedures followed for the I-8000 machine that conducted her breath analysis included the use of equipment and devices not approved by the Board, therefore violating both Board rules and state law. Appellant states the maintenance test on the device at issue used a simulator and simulator solutions and there is no Board rule approving simulators or simulator solutions, citing Sample v. State ex rel. Dep't of Public Safety, 2016 OK CIV APP 62, 382 P.3d 505.

¶16 Sample, 2016 OK CIV APP 62, ¶6, 382 P.3d 505, 508-09, reiterated that Board of Tests rules and regulations require adoption pursuant to the APA (Administrative Procedures Act) and not approval by resolution. However, Appellant does not allege the maintenance rules for the device at issue were passed by resolution. In addition, Sample did not address simulators or sample solutions to test equipment operation. As a result, Sample does not appear to have broad application in this case.

¶17 This court has previously held the following with respect to the maintenance record of the breath analysis device:

Both federal and state courts recognize that a breathalyzer maintenance record, when kept as required by law, constitutes admissible evidence of a properly maintained device within the "public records" exception to the hearsay rule of F.R.E. 803(8), and adopted in the various states. Wilmer, 799 F.2d at 501; DeWater, 846 F.2d at 529; Wilkinson, 804 F.Supp. at 267; Frost, 487 N.W.2d at 11. And, Derrick concedes that compliance with the rules and regulations for the maintenance and operation of breathalyzers may be shown otherwise than by the direct testimony of the maintenance supervisor. Westerman, 1974 OK CR 151, ¶ 11, 525 P.2d at 1362.

Under these circumstances, we hold a breathalyzer maintenance log is admissible under the [12 O.S.]§ 2803(8) public records exception to the hearsay rule. Further, because a public record carries with it the imprimatur of compliance with the requirements for its keeping, we hold that a breathalyzer maintenance log is admissible as prima facie evidence of compliance with the rules and regulations for the proper operation and maintenance of breathalyzers, even absent the testimony of the maintenance supervisor, particularly where, as here, there is absolutely no evidence of any kind suggesting otherwise than a properly administered breath test on a properly maintained and operating breath testing device.

Derrick v. State ex rel. Dep't of Public Safety, 2007 OK CIV APP 56, ¶¶13-14, 164 P.3d 250, 254.

¶18 The record indicates Appellant's breath tests were properly done on a properly maintained and operating testing device. For this reason, we do not find relief is warranted on this proposition of error. The order of the trial court sustaining the revocation of Appellant's driver's license is AFFIRMED.

GOREE, C.J., and BUETTNER, J., concur.

FOOTNOTES

[1] Appeal of Dungan, 1984 OK 21, 681 P.2d 750, 752 (emphasis added):

From the hearing examiner's sustention of the revocation order the appellant appealed to the District Court of Canadian County pursuant to 47 O.S.1981, § 6--211. Appeals from implied consent revocation orders are heard de novo in the district court, with the "trial de novo" being a trial of the entire case anew, both on the law and on the facts. Matter of Braddy, 611 P.2d 235 (Okl.1980).

[2] O.A.C. 40:30-1-3(e):

(e) Maintenance. Maintenance shall be performed on the CMI 8000 Intoxilyzer, equipped with nitrogen-ethanol dry gas mixture, at such time as the regulator of the nitrogen-ethanol pressurized dry gas cannister fails to provide a gas sample for analysis or by the manufacturers stated expiration date, whichever occurs first. Such maintenance shall be performed by Board personnel, according to the procedure(s) prescribed by the State Director of Tests for Alcohol and Drug Influence.

[3] O.A.C. 40:25-1-3. Approved dry gas canisters:

(a) Any pressurized dry gas canister labeled by the manufacturer with a target value of 0.080 BAC, 2% or .002, whichever is greater, is hereby approved for use in association with approved evidential breath alcohol measurement devices.

(b) The State Director of Tests, in accordance with the needs of the agency, may deploy dry gas canisters approved by this section for the purpose of performing calibration checks of approved evidential breath alcohol measurement devices.

(c) The State Director of Tests shall maintain a list of the dry gas canisters approved by this section that have been deployed by the agency.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1974 OK CR 151, 525 P.2d 1359, WESTERMAN v. STATE
Cited
Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2007 OK CIV APP 56, 164 P.3d 250, DERRICK v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed
 2016 OK CIV APP 62, 382 P.3d 505, SAMPLE v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1946 OK 27, 165 P.2d 633, 196 Okla. 413, RILEY v. LINDLEY
Discussed
 1936 OK 147, 56 P.2d 819, 176 Okla. 565, KEENER OIL & GAS CO. v. BUSHONG
Discussed
 1980 OK 44, 611 P.2d 235, Braddy, Matter of
Cited
 2016 OK 94, 381 P.3d 726, TRUSTY v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed
 2017 OK 20, 392 P.3d 692, NICHOLS v. STATE ex. rel. DEPT. OF PUBLIC SAFETY
Discussed at Length
 1984 OK 21, 681 P.2d 750, Appeal of Dungan
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 667, Continuances - Power to Grant - Costs - Continuances Mandatory, and Appeals When Member of Legislature is Party or Attorney
Cited
 12 O.S. 2803, Hearsay Exceptions - Availability of Declarant Immaterial
Cited
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 6-211, Right of Appeal to Court
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA